

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00300-CR

DAVID WADE HUBBARD                                                APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In exchange for pleading guilty to indecency with a child by contact, Appellant David Wade Hubbard received ten years' deferred adjudication community supervision and a $5,000 fine. After the State filed a motion to proceed with adjudication of guilt and the trial court found that Hubbard had violated the terms and conditions of his deferred adjudication community

---

[1]See Tex. R. App. P. 47.4.

supervision, the trial court adjudicated Hubbard's guilt and sentenced him to twenty years' confinement. This appeal followed.

Hubbard's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). Hubbard had the opportunity to file a pro se brief but did not do so; the State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record—including the supplemental clerk's record filed at this court's request—and counsel's brief. The June 12, 2013 judgment adjudicating guilt shows that the trial court ordered Hubbard to pay a fine of $3,891 and court costs of $465. The order to withdraw funds attached to and incorporated into the judgment as Attachment A provided for a total amount of $4,356, reflecting the amount set out in the judgment. A bill of costs was filed August 26, 2013, showing an amount of $4,396.

2

We have the authority to reform a judgment in an *Anders* appeal and to affirm that judgment as reformed. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc). We review the assessment of court costs on appeal to determine if there is a basis for the cost. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). Only statutorily authorized court costs may be assessed against a criminal defendant. *Id.* at 389 & n.3.

In the itemized bill of costs, Hubbard was charged $55 for "Criminal District Clerk Fees," but code of criminal procedure article 102.005(a) provides that "[a] defendant convicted of an offense in a . . . district court shall pay for the services of the clerk of the court a fee of $40." Tex. Code Crim. Proc. Ann. art. 102.005(a) (West 2006). Because article 102.005(a) provides only for a $40 criminal-district-clerk fee, we modify the bill of costs to reflect a $40 criminal-district-clerk fee in place of the charged $55 criminal-district-clerk fee. *See id.*; *see also Alexander v. State*, No. 10-12-00251-CR, 2013 WL 5888695, at *9 (Tex. App.—Waco Oct. 20, 2013, no pet.) (mem. op., not designated for publication).

Therefore, we modify the trial court's written judgment to reflect court costs of $450 and the order to withdraw funds to reflect a total amount of $4,341; we do not otherwise modify the court costs in the judgment or the order to withdraw to reflect the overall increase set out in the bill of costs because court costs need not be incorporated into the judgment to be effective and because the record does not reflect what Hubbard may have paid since the issuance of the bill of costs on August 26, 2013. *See Houston v. State*, 410 S.W.3d 475, 480 & n.6

3

(Tex. App.—Fort Worth 2013, no pet.) (holding that bill of costs stating that appellant owed $796.16 in court costs supported the $570 set out in the trial court's written judgment but declining to impose additional costs on appellant when the record did not reflect a motion presented under code of criminal procedure article 103.007 or whether appellant had paid court costs); *see also* Tex. Code Crim. Proc. Ann. art. 103.008 (West 2006) (setting out procedure by which convicted defendant may challenge by motion any specific item on the bill of costs when filed not later than one year after the date of the case's final disposition).

Except for these necessary modifications to the trial court's judgment and the order to withdraw funds, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing else in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified. *See* Tex. R. App. P. 43.2(b).

PER CURIAM

PANEL: MCCOY, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 1, 2014

4