

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00514-CR

KELVIN HOUSTON A/K/A KEVIN                   APPELLANT
HOUSTON

V.

THE STATE OF TEXAS                           STATE

----------

## FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

----------

## OPINION

----------

### I. INTRODUCTION

In this appeal, we address whether, in determining Appellant Kelvin Houston a/k/a Kevin Houston's first issue—challenging the sufficiency of the evidence to support a provision in his judgment that taxes $570 in court costs against him—we may consider a bill of costs that was prepared after Houston filed his appellate brief and that is included in a supplemental clerk's record filed with this court. Because we hold that we may consider the bill of costs, we will

overrule Houston's first issue.  Because we sustain Houston's second issue, challenging the judgment's provision that requires him to reimburse compensation paid by the county to any appointed attorney who represented him, we will modify the judgment to delete that provision, and we will affirm the judgment as modified.

## II. PROCEDURAL BACKGROUND

Houston was charged with two counts of sexual assault.  He was found indigent and appointed counsel prior to trial.[1]  After the jury found him guilty of both counts, the trial court sentenced him to 35 years' confinement on each count, to be served concurrently.  The trial court entered a judgment of conviction on September 28, 2012.  As a part of that written judgment, the trial court ordered that Houston "[r]eimburse compensation paid by Denton County to any appointed counsel on this cause" and assessed court costs of $570.  The trial court found Houston indigent for purposes of appeal and appointed an attorney to represent him.

The original clerk's record in this case did not contain a bill of costs.  However, after Houston's court-appointed appellate counsel filed an appellate brief on March 13, 2013, the State sent the district court clerk a letter requesting that the district clerk prepare, certify, and file a supplemental clerk's record

---

[1]As part of its indigency determination, the trial court also found that Houston had sufficient financial resources to pay $10 per week, beginning on October 15, 2010, to offset the cost of legal services and related expenses.  The record does not reflect whether any payments were ever made.

2

containing the bill of costs. The supplemental record, containing the State's letter and a bill of cost, was filed in this court on March 28, 2013. The bill of costs is dated "3/22/2013 7:48 AM," lists various fees and costs in this case totaling $798.80 (of which the bill of costs shows that $2.64 has been paid, leaving a balance of $796.16), and is signed by the Denton County District Clerk.

### III. COURT COSTS

Houston argues in his first issue that at the time that the trial court entered its written judgment and assessed $570 in court costs, the evidence was insufficient to support that specific dollar amount of costs. He argues that no bill of costs was before the trial court at that time and that "the record is completely silent and the evidence is insufficient as to what the court costs actually were and if the stated amount is correct or appropriate."

The State responds that the bill of costs in the supplemental record provides a sufficient statutory basis to support the trial court's assessment of $570 in court costs. The State further argues that Houston is obligated to pay not only $570 in court costs as assessed in the written judgment but also the amount in excess of that number as shown on the bill of costs, after subtracting $30 in subpoena service fees that the State concedes should not have been taxed to Houston.[2] The State requests that "[t]o the extent it is necessary to do

---

[2]Specifically, the State points to the following language in the written judgment as support for its argument that Houston owes the increased court costs shown on the bill of costs: "The Court ORDERS that upon release from confinement, Defendant proceed immediately to the office of the District Clerk.

3

so," we modify the judgment to reflect that Houston has been ordered to pay court costs of $768.80.

## A. Law on Court Costs

Court costs are pre-determined, legislatively-mandated obligations resulting from a conviction. *See, e.g.*, Tex. Gov't Code Ann. §§ 102.001–.142 (West 2013) (setting forth various court costs that a convicted person "shall" pay); *see also Armstrong v. State*, 320 S.W.3d 479, 481 (Tex. App.—Amarillo 2010), *rev'd on other grounds*, 340 S.W.3d 759 (Tex. Crim. App. 2011). The court of criminal appeals has explained that "court costs, as reflected in a certified bill of costs, need neither be orally pronounced nor incorporated by reference in the judgment to be effective." *Armstrong*, 340 S.W.3d at 766; *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). "This is because court costs do not 'alter the range of punishment to which the defendant is subject, or the number of years assessed' and, thus, are not part of the sentence." *Armstrong*, 340 S.W.3d at 767 (quoting *Weir*, 278 S.W.3d at 367). Instead, court costs are compensatory in nature; that is, they are "'a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case.'" *Id.* (quoting *Weir*, 278 S.W.3d at 366) (contrasting costs to fines, which are punitive in nature and generally must be orally pronounced in the defendant's

Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, restitution and any additional fees incurred as ordered by the Court above."

4

presence).  The code of criminal procedure provides that the trial court's judgment "shall also adjudge the costs against the defendant, and order the collection thereof."  Tex. Code Crim. Proc. Ann. art. 42.16 (West 2006).

Under article 103.001 of the code of criminal procedure, "[a] cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." *Id.* art. 103.001 (West 2006).  Article 103.006 provides that if a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed."  *Id.* art. 103.006 (West 2006).

## B.  Bill of Costs Considered; Record Now Contains Support for Trial Court's Order of Court Costs

The costs assessed here do not include attorney's fees; as we explain below, the State concedes that Houston is not required to reimburse the county for his appointed counsel's attorney's fees.  And it is undisputed that the bill of costs contained in the supplemental clerk's record is the only item anywhere in the record that supports the trial court's assessment of $570 in court costs.

Several of our sister courts that have addressed the issue we are faced with today have allowed supplementation of the clerk's record with a bill of costs that was prepared and filed with the court after the appellant appealed, and have considered that bill of costs as support for the trial court's earlier assessment of a

5

specific amount of court costs. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *5 (Tex. App.—Dallas July 29, 2013, no. pet. h.); *Ballinger v. State*, No. 12-12-00280-CR, 2013 WL 3054935, at *1 (Tex. App.—Tyler June 19, 2013, no. pet.); *Allen v. State*, No. 06-12-00166-CR, 2013 WL 1316965, at *2 (Tex. App.—Texarkana Apr. 3, 2013, no pet.); *Cardenas v. State*, No. 01-11-01123-CR, 2013 WL 1164365, at *5 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, pet. filed) (op. on reh'g). On the other hand, the Fourteenth Court of Appeals has repeatedly refused to consider a "computer screen printout" from the Justice Information Management System (JMIS) as an "actual bill of costs" supporting a trial court's order of a specific dollar amount of court costs when no evidence in the record shows that the printout was presented to the trial court before it included the specific dollar amount of court costs in the judgment. *See Johnson v. State*, 389 S.W.3d 513, 515 & n.1 (Tex. App.—Houston [14th Dist.] 2012, pet. granted) (holding that an unsigned computer printout from JIMS that does not show it was brought to the attention of the trial judge is not an actual bill of costs under article 103.001); *see also Romero v. State*, No. 14-12-00674-CR, 2013 WL 2489961, at *3 (Tex. App.—Houston [14th Dist.] June 11, 2013, pet. filed); *Rogers v. State*, 402 S.W.3d 410, 420 n.9 (Tex. App.—Houston [14th Dist.] 2013, pet. filed); *Reyes v. State*, No. 14-12-01028-CR, 2013 WL 2386657, at *1 (Tex. App.—Houston [14th Dist.] May 30, 2013, pet. filed) (mem. op., not

designated for publication); *Jelks v. State*, 397 S.W.3d 759, 760 (Tex. App.—Houston [14th Dist.] 2013, pet. filed).[3]

We agree with our sister courts that we can consider a bill of cost that is included in a supplemental record on appeal. The code of criminal procedure does not contemplate that a bill of costs be prepared and filed at the time the trial court signs the judgment of conviction or before a criminal conviction is appealed. *See* Tex. Code Crim. Proc. Ann. arts. 103.001, .006. Instead, article 103.001 provides that costs are not payable by a defendant until a written bill of costs is produced or ready to be produced, and article 103.006 specifically provides that when a criminal action is appealed, an officer of the trial court "shall certify and

---

[3]Although at first blush, it appears that the Fourteenth court's position in these cases creates a split of authority, we have found no cases in which that court was presented with a supplemental record containing a bill of costs that satisfied article 103.001's requirement that the bill of costs be signed by an officer who charged the cost or the officer entitled to receive payment for the cost. Indeed, the Fourteenth court in *Johnson* noted that it "need not, and in fact should not, attempt to predict what might happen if an actual bill of costs is subsequently produced." 389 S.W.3d at 517 n.4.

This court, when presented with a supplemental record containing a document from the "Community Supervision and Corrections Department of Tarrant County" and titled, "Revocation Restitution/Reparation Balance Sheet," refused to consider the document as improperly supplemented under rule 34.4(c)(1). *Boyd v. State*, No. 02-11-00035-CR, 2012 WL 1345751, at *2 (Tex. App.—Fort Worth Apr. 19, 2012, no pet.) (mem. op., not designated for publication). But, unlike in the present case, the document in *Boyd* was not a bill of costs prepared and filed in accordance with article 103.006.

7

sign a bill of costs" and "send the bill of costs to the court to which the action . . . is . . . appealed."  *Id.* arts. 103.001, .006; *see also* Tex. R. App. P. 34.5(c) (providing for supplementation of the clerk's record with "omitted items"); *Allen*, 2013 WL 1316965, at *2 (reasoning that substance of bill of costs is not newly created but "merely a documentation of what occurred during . . . trial"); *Cardenas*, 2013 WL 1164365, at *5 (reasoning that rule 34.5(c) does not exclude the possibility of supplementation with new documents, the creation of which is otherwise required by law).

Here, in arguing his sufficiency issue, Houston argues that "there is no support contained in the record for [the $570] dollar amount; there is no bill of costs."  Now that the appellate record has been supplemented with a bill of costs—containing the items of cost charged to Houston and signed by the district clerk—the record contains support for the trial court's assessment of $570 in court costs.  Houston has not filed a reply brief or supplemented or amended his brief to raise any challenge to the correctness of any specific cost listed in the bill of costs.[4]  *See* Tex. R. App. P. 38.3, 38.7.  We decline to undertake a review of the correctness of each cost charged in the bill of costs when Houston has not

---

[4]To the extent that Houston may desire to challenge any specific item on the bill of costs, article 103.008 of the code of criminal procedure provides that upon motion by defendant filed not later than one year after date of final disposition of case, the court in which the case is pending or was last pending shall correct any error in the costs.  *See* Tex. Code Crim. Proc. Ann. art. 103.008 (West 2006).

done so.[5]  *See Coronel*, 2013 WL 3874446, at *6 (noting that because appellant did not challenge propriety or legality of specific costs assessed in his original brief or his two post-submission briefs, court would not address those issues).

Because the record now contains a bill of costs, setting forth the statutorily-mandated court costs owed by Houston and signed by the Denton County District Clerk, we hold that the bill of costs, stating that Houston owes $796.16 in court costs, supports the trial court's order of $570 in court costs in its written judgment.  Regarding the State's suggestion that we modify the written judgment "to the extent it is necessary" to reflect the increased court costs reflected in the bill of costs, we do not find it necessary; court costs need not be incorporated into the judgment to be effective.[6]  *See Armstrong*, 340 S.W.3d at 766; *Weir*, 278 S.W.3d at 367; *see also Pfeiffer v. State*, 363 S.W.3d 594, 601–02 & n.32 (Tex. Crim. App. 2012) (explaining when courts may address the state's cross-points).

For these reasons, we overrule Houston's first issue.

---

[5]A variety of challenges are possible to any particular item of costs in any given case, such as a claim that the cost is not applicable to the defendant or a claim that assessment of that cost is unconstitutional on any number of grounds.

[6]Moreover, after a defendant has paid court costs, no further costs may be charged against that defendant unless a motion is presented to the court that additional costs are due.  *See* Tex. Code Crim. Proc. Ann. art. 103.007 (West 2006).  Because the record before us does not reflect whether Houston has or has not paid court costs, we decline to impose additional costs on him in what could be contravention of article 103.007's requirements.

9

## IV. ATTORNEY'S FEES

In his second issue, Houston challenges the judgment's provision that requires him to reimburse compensation paid by the county to any appointed counsel who represented him; the State agrees with Houston that he should not be ordered to reimburse court-appointed attorney's fees because of his indigent status. We also agree.

The trial court found Houston indigent prior to trial and did not make a later determination that he was able to pay all or a portion of his appointed attorney's fees. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2012) (providing for repayment of court-appointed attorney's fees that trial court finds defendant is able to pay); *id.* art. 26.04(p) (West Supp. 2012) (providing that defendant who is determined by court to be indigent is presumed to remain indigent for remainder of proceedings unless material change in his financial circumstances occurs); *Cates v. State*, No. PD-0861-12, 2013 WL 3196932, at *1 (Tex. Crim. App. June 26, 2013) (citing *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010), and holding that no factual basis for reimbursement of attorney's fees existed in record when trial court found defendant indigent and never found that he was able to repay court-appointed counsel's fees). Accordingly, we sustain Houston's second issue and will modify the judgment to delete the provision requiring Houston to reimburse the county for court-appointed attorney's fees.

## V. Conclusion

Having overruled Houston's first issue challenging the sufficiency of the evidence to support the trial court judgment's provision that requires him to pay $570 in court costs, and having sustained Houston's second issue challenging the trial court judgment's provision that requires him to reimburse compensation paid by the county to any appointed counsel who represented him, we modify the judgment to delete the requirement that Houston "[r]eimburse compensation paid by Denton County to any appointed counsel on this cause" and affirm the judgment as modified. *See* Tex. R. App. P. 43.2(b).

SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

PUBLISH

DELIVERED: August 22, 2013

11