**Affirmed as Modified; Opinion Filed January 31, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01219-CR

**RUBIN CRAIN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F12-54318-Y**

## MEMORANDUM OPINION

Before Justices Moseley, Lang, and Brown
Opinion by Justice Lang

In this appeal from a jury conviction for the state jail felony offense of burglary of a building, Rubin Crain asserts the judgment must be modified to correct two clerical errors and to delete the assessment of court costs. We modify the judgment and, as modified, affirm.

### I. BACKGROUND

Crain was arrested after he was found inside the maintenance building on the grounds of a church. According to the arresting officer, copper pipes that had been cut and removed from water and gas lines were on the ground in the location where Crain was arrested. The church deacon, who discovered the break-in, testified at trial that the sliding door to the building had been "pried open" about two feet and the middle of the door "was caved in."

Following his conviction, Crain pleaded true to two felony enhancement paragraphs.  The jury found the enhancement allegations true and assessed a ten-year sentence. *See* TEX. PENAL CODE ANN. §§ 12.33 (West 2011), 12.35, 12.425(b) (West Supp. 2013).  In its judgment, the trial court also assessed $239 in court costs.

## II. MODIFICATION OF JUDGMENT

In his first two issues, Crain notes the judgment erroneously reflects "N/A" with respect to the jury findings on the enhancement paragraphs and asks the Court to modify the judgment to reflect the jury's findings of "true."  The State concedes these issues.

We have the authority to reform a judgment to make the record speak the truth.  *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.-–Dallas 1991, pet. ref'd).  Because the record reflects the jury found both enhancement allegations true, we resolve Crain's first two issues in his favor and modify the judgment accordingly.  *Id.*

## III. COURT COSTS

Crain's third issue respecting the assessment of costs stems from the trial court clerk's failure to include a bill of costs in the original record.  Crain asserts that without a bill of costs the evidence is insufficient to support the costs assessed against him.

Court costs are predetermined, legislatively-mandated obligations that are required to be assessed against a convicted defendant. *See Houston v. State*, 410 S.W.3d 475, 477-78 (Tex. App.-–Fort Worth 2013, no pet.).  Under article 103.006 of the Texas Code of Criminal Procedure, when a criminal action is appealed, a certified bill of costs stating the costs that have accrued must be sent to the appellate court.  TEX. CODE CRIM. PROC. ANN. art.103.006 (West 2006).  Costs may not be collected from the defendant until a written, itemized bill is signed and produced by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id.* art. 103.001.

Because the original clerk's record failed to include a bill of costs, we ordered the Dallas County District Clerk to file a supplemental record containing the bill. *See* TEX. R. APP. P. 34.5(c)(1) (allowing for supplementation of clerk's record if relevant item omitted). The clerk complied, filing two supplemental records. The first contained an unsigned, unsworn computer printout supporting the amount of costs. The second contained the same computer printout as well as a "Bill of Costs Certification" signed and certified by the district clerk.[1]

Because the second supplemental record contains a bill of costs supporting the amount assessed, Crain's issue is moot. *See Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.-–Dallas 2013, no pet.). We resolve Crain's third issue against him.

## IV. CONCLUSION

As modified, we affirm the trial court's judgment.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
1212199F.U05

---

[1] Crain filed two objections to the first supplemental record. Because a second supplemental record was filed, Crain's objections to the first supplemental record are overruled. Crain also filed objections to the second supplemental record, asserting the "Bill of Costs Certification" is insufficient to convert the unsigned, unsworn computer printout into a proper bill of cost and "there is no indication that these computer printouts existed at the time the judgment was entered, or that they were filed in the trial court or brought to the attention of the trial judge before the costs were entered in the judgment." In light of our opinion in *Coronel v. State*, in which we addressed similar complaints, we overrule the objections. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4, 5 (Tex. App.—Dallas July 29, 2013, pet. ref'd).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RUBIN CRAIN, Appellant

No. 05-12-01219-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F12-54318-Y.
Opinion delivered by Justice Lang. Justices Moseley and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect the findings on the 1st Enhancement Paragraph and the 2nd Enhancement/Habitual Paragraph as "TRUE."

As **MODIFIED**, we **AFFIRM** the trial court's judgment.

Judgment entered this 31st day of January, 2014.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

–4–