In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00061-CR
_____


IN RE BRETT W. LIGON

_____

Original Proceeding

_____

MEMORANDUM OPINION

In this mandamus proceeding, the Montgomery County District Attorney, Brett W. Ligon, contends that the Ninth District Court of Montgomery County, Texas, rendered judgments in four criminal cases, trial court cause numbers 12-10-10656-CR, 13-07-07725-CR, 13-12-13815-CR, and 13-04-04145-CR, but failed to assess statutory court costs that are mandated by statute. *See* Tex. Code Crim. Proc. Ann. art. 42.16 (West 2006); *see also* Tex. Gov't Code Ann. § 102.021 (West Supp. 2013). We requested responses from the real parties in interest, William Wayne Warren, John Leonard Joehlin, David Paul Currier, and Brandon Dean Holifield, but none were filed. *See* Tex. R. App. P. 52.8(b)(1).

1

The trial court abused its discretion in the Warren, Joehlin, Currier, and Holifield cases by failing to assess costs. *See* Tex. Code Crim. Proc. Ann. arts. 42.15, 42.16 (West 2006 & Supp. 2013). The trial judge's initials appear on the judgments in the space provided for costs. The State filed motions to assess costs. The trial court denied the State's motions in the Warren, Joehlin, and Currier cases. The trial court has not acted on the motion in Holifield's case.

"Court costs are pre-determined, legislatively-mandated obligations" that are required to be assessed against a convicted defendant. *Houston v. State*, 410 S.W.3d 475, 477-78 (Tex. App.—Fort Worth 2013, no pet.). A judgment of conviction must adjudge the costs against the defendant and order their collection. *See* Tex. Code Crim. Proc. Ann. art. 42.16. Court costs do not need to be included in the oral pronouncement. *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). Except for attorney's fees, the legislatively-mandated court costs must be imposed regardless of indigence. *Johnson v. State*, 405 S.W.3d 350, 355 (Tex. App.—Tyler 2013, no pet.). Court costs are payable when the cost bill is produced. *See* Tex. Code Crim. Proc. Ann. art. 103.001 (West 2006).

Because the mandamus record does not contain the cost bills for these cases, we cannot determine the taxable costs required to be assessed in any of the cases before us.

2

We grant the State's petition and vacate the trial court's orders of January 31, 2014, and we order the trial court to assess statutory court costs against the defendants in trial court cause numbers 12-10-10656-CR, 13-07-07725-CR, 13-12-13815-CR, and 13-04-04145-CR, as required by statute.

PETITION GRANTED.

PER CURIAM

Submitted on February 11, 2014
Opinion Delivered February 11, 2014
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.