COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| BRYNELL MCFARLAND, | § | No. 08-12-00217-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | 363rd District Court |
| THE STATE OF TEXAS, | § | |
| | § | of Dallas County, Texas |
| Appellee. | § | (TC# F-0872946-W) |
| | § | |

# **O P I N I O N**

Appellant, Brynell McFarland, seeks to modify several portions of the judgment adjudicating his guilt.[1]    We affirm the judgment as modified.

## **BACKGROUND**

On September 8, 2008, a grand jury indicted Appellant on one count of aggravated robbery with firearm, a deadly weapon.   TEX. PENAL CODE ANN. § 29.03 (West 2011). Appellant pleaded guilty to the charged offense pursuant to a plea agreement wherein the trial court deferred his adjudication and placed him on community supervision for five years.

On December 7, 2011, the State moved to revoke Appellant's community supervision,

---

[1]  As this case was transferred from our sister court in Dallas, we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

alleging Appellant had violated seven of his community supervision conditions. The State subsequently filed two amended motions, and ultimately alleged twelve violations of Appellant's community supervision conditions. After a revocation hearing, the trial court found allegations four through twelve to be true, revoked Appellant's community supervision, sentenced him to twelve years' confinement in the Institutional Division of the Texas Department of Criminal Justice, and assessed a $2,500 fine and $1,200 in court costs. Appellant raises five issues on appeal.

## DISCUSSION

### *Applicable Law*

Courts of Appeals have the authority to modify judgments when the necessary information is available to ensure the record speaks the truth. TEX. R. APP. P. 43.2(b). *See Littrell v. State,* 271 S.W.3d 273, 279 (Tex.Crim.App. 2008); *Estrada v. State*, 334 S.W.3d 57, 63 (Tex. App.—Dallas 2009, no pet.).

### *Analysis*

In Issues One through Four, Appellant seeks to modify written errors in the judgment. The State acknowledges that the judgment should be modified as to Issues One, Two, Three, and Four.

In Issue One, Appellant states the judgment inaccurately reflects that he entered into a plea bargain with a term of twelve years' confinement. Appellant initially pleaded guilty and agreed to deferred adjudication and to be placed on community supervision. However, at the hearing on the motion to revoke, he entered a plea of not true to the State's motion and there was no plea agreement regarding the term of confinement assessed. In Issue Two, Appellant

2

complains his plea to the motion to adjudicate is inaccurately recorded. The record of the hearing clearly establishes that Appellant pleaded not true, but the judgment inaccurately reflects he entered a plea of "true."

In Issue Three, Appellant seeks to correct the judgment to accurately reflect the allegations the trial court found to be true. The judgment currently indicates the trial court found the "Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt[.]" The State's original motion to adjudicate alleged seven violations of Appellant's community supervision. The reporter's record clearly shows the trial court found allegations four through twelve (a total of nine violations) found in the State's second amended motion to be true.

In Issue Four, Appellant claims the judgment reflects the State's attorney at his revocation hearing as Monique Ward. The record reflects Brian Poe represented the State at the hearing, not Monique Ward. Issues One, Two, Three, and Four are sustained.

In Issue Five, Appellant contests the trial court's order that he pay $1,200 in court costs, claiming the record lacks sufficient evidence, namely, a bill of costs to support the charges. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006) (costs are not payable until a written bill containing the items of costs is produced). The clerk's record in this case did not contain a bill of costs, nor did Appellant request a bill of costs in his designation of record on appeal. On our own motion, we ordered the district clerk to file a supplemental clerk's record containing a certified bill of costs for this case. Accordingly, Appellant's complaint regarding the absence of a bill of costs is now moot. *Coronel v. State,* 416 S.W.3d 550, 555 (Tex. App.—Dallas 2013, pet. ref'd). Because Appellant does not challenge the legality of any specific charge, we

3

need not address the contents of the bill of costs, but observe that its inclusion in the record is now sufficient to support the imposition of court costs. *Id. See also Houston v. State*, 410 S.W.3d 475, 479 (Tex. App.—Fort Worth 2013, no pet.). Issue Five is overruled.

## CONCLUSION

Having sustained Issues One, Two, Three, and Four, the trial court's Judgment Adjudicating Guilt is modified to reflect that: (1) Appellant entered a plea of not true to each of the violations alleged in the State's Amended Motion to Revoke Probation or Proceed with an Adjudication of Guilt filed on March 28, 2012; (2) the trial court found to be true allegations four through twelve of the State's Amended Motion to Revoke Probation or Proceed with an Adjudication of Guilt filed on March 28, 2012; (3) Appellant did not enter a plea bargain with respect to the State's motion to adjudicate; and (4) Assistant District Attorney Brian Poe represented the State during the April 27, 2012, adjudication proceedings.

The trial court's judgment is affirmed as modified.


GUADALUPE RIVERA, Justice

July 30, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

4