

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00265-CR
### NO. 02-15-00266-CR

CARA JEAN TUCKER                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1414221W, 1384896W

----------

## MEMORANDUM OPINION[1]

----------

In this consolidated appeal, Appellant Cara Jean Tucker complains in two points of the fines and fees imposed against her when the trial court revoked her community supervision. We affirm the judgment as modified.

---

[1]*See* Tex. R. App. P. 47.4.

## Background

On October 27, 2014, Appellant pleaded guilty in Cause No. 1384896W to the second degree felony offense of aggravated assault recklessly causing serious bodily injury pursuant to a plea agreement and was placed on community supervision for a period of four years. Appellant was additionally fined $400 and ordered to pay a $60 per month community supervision fee.

On June 1, 2015, Appellant pleaded guilty in Cause No. 1414221W to aggravated assault with a deadly weapon and was placed on community supervision for a period of 39 months, assessed a $400 fine, and ordered to pay a $60 per month community supervision fee.

On June 12, 2015, the State petitioned the trial court to adjudicate guilt in both cases on the basis that Appellant had committed new offenses and had failed to perform her community service. Appellant pleaded true to the new offense allegations, and the trial court adjudicated her guilty in both cases on June 30, 2015. The Judgment Adjudicating Guilt in Cause No. 1384896W includes $120 in reparations for unpaid community supervision fees. The Judgment Adjudicating Guilt in Cause No. 1414221W includes $450 in reparations, $400 of which is for the unpaid fine originally assessed on June 1, 2015.

## Discussion

In her first point, Appellant argues that the $400 fine assessed in Cause No. 1414221D was not pronounced orally and must therefore be deleted from the judgment. The State concedes that the $400 fine cannot be assessed as part of the order adjudicating guilt because it was not orally pronounced by the trial court. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). We therefore sustain Appellant's first point and modify the Judgment Adjudicating Guilt in Cause No. 1414221W to delete the $400 fine from the amount of reparations assessed.

In her second point, Appellant argues that the trial court violated her right to due process when it assessed reparations of $120 in Cause No. 1384896D because her failure to pay the community monthly supervision fee was not included in the State's Petition to Adjudicate Guilt, nor was any evidence that the fee was owed entered into the record. Additionally, Appellant argues that probation fees cannot be included as reparations.

The State did not accuse Appellant of failing to pay her probation fees in its petition to proceed to adjudication, nor was her community supervision revoked for her failure to pay such fees. Appellant pleaded guilty to the allegations that she had violated the terms of community supervision by committing new offenses. This is sufficient to uphold the revocation of community supervision. *See Garcia v.* State, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) (holding that

3

proof of a single violation of community supervision conditions is sufficient to support an order revoking community supervision) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). There is no authority that the State must allege the failure to pay such fees as a ground for revocation in order to hold a defendant responsible for unpaid administrative fees. *See Edwards v. State*, Nos. 09-13-00360-CR, 09-13-00361-CR, 2014 WL 1400747, at *2 (Tex. App.—Beaumont Apr. 9, 2014, no pet.) (mem. op., not designated for publication) (observing that there is no authority for the proposition that a defendant's responsibility to pay the fees arises only if the State alleges the failure to pay as a ground for revocation).

In granting community supervision, a trial court must fix a fee of no more than $60 per month, and if community supervision is later revoked, the trial court "shall enter the restitution or reparation due and owing on the date of the revocation" in a revocation of a suspended sentence. Tex. Code Crim. Proc. Ann. art. 42.03 § 2(b), art. 42.12 § 19(a) (West Supp. 2015). This Court has consistently held that unpaid probation fees may be included as reparations in judgments adjudicating guilt. *See, e.g., Steen v. State*, No. 02-13-00559-CR, 2014 WL 4243702, at *2 (Tex. App.—Fort Worth Aug. 28, 2014, pet. ref'd) (mem. op., not designated for publication); *Strange v. State*, No. 02-14-00055-CR, 2014 WL 3868225, at *1 (Tex. App.—Fort Worth Aug. 7, 2014, no pet.) (mem. op., not designated for publication) (citing *Boyd v. State*, No. 02-11-00035-CR, 2012 WL 1345751, at *2 (Tex. App.—Fort Worth Apr. 19, 2012, no pet.) (mem. op., not

4

designated for publication)); *McKinney v. State*, No. 02–12–00479–CR, 2014 WL 1510095, at \*1–2 (Tex. App.—Fort Worth Apr. 17, 2014, pet. ref'd); *Brown v. State*, No. 02-08-00063-CR, 2009 WL 1905231, at \*2 (Tex. App.—Fort Worth July 2, 2009, no pet.) (mem. op., not designated for publication).

The amount of the community supervision fees owed were supplied by the Balance Sheet and the Certified Bill of Costs, both of which are part of the record. This is sufficient evidence to support the amount of $120 in community supervision fees assessed as reparations. *See Steen*, 2014 WL 4243702 at \*2 (holding that certified bill of cost "was enough to support inclusion in the judgment of $2,507 in statutorily-authorized, community-supervision fees"); *Houston v. State*, 410 S.W.3d 475, 479 (Tex. App.—Fort Worth 2013, no pet.) (holding that certified bill of costs provided support in the record for imposition of $570 in court costs owed by appellant); *Strother v. State*, No. 14-12-00599-CV, 2013 WL 4511360, at \*3–4 (Tex. App.—Houston [14th Dist.] Aug. 22, 2013, pet. ref'd) (mem. op., not designated for publication); *cf. Johnson v. State*, 423 S.W.3d 385, 395–96 (Tex. Crim. App. 2014) ("[A]lthough a bill of costs is not required to sustain statutorily authorized and assessed court costs, it is the most expedient, and therefore, preferable method."). We overrule Appellant's second issue.

## Conclusion

Having sustained Appellant's first issue, we modify the Judgment Adjudicating Guilt in Cause No. 1414221W to delete the $400 fine. Having overruled Appellant's second issue, we affirm the judgment in Cause No. 1414221W as modified and affirm the judgment in Cause No. 1384896W.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL: WALKER, MEIER, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 25, 2016