

# NUMBER 13-16-00549-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**DALE DEWAYNE BULLOCK,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the 21st District Court
of Burleson County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Contreras, and Benavides
Memorandum Opinion by Justice Rodriguez**

Appellant Dale Dewayne Bullock appeals his conviction by a jury for aggravated

assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West, Westlaw

through Ch. 49, 2017 R.S.). By two issues, Bullock contends that: (1) there was no

statutory basis for a $25 time-payment fee; and (2) the judgment omits part of the correct statute for the offense.   We affirm as modified.[1]

## I.   BACKGROUND

On June 15, 2016, a jury convicted Bullock of aggravated assault with a deadly weapon.   The jury assessed punishment at twenty years in prison and a $6,500 fine. The trial court sentenced Bullock accordingly, although the judgment only generally identified the statute under which he was convicted as "22.02PC."

In addition to the $6,500 fine, the judgment adjudged court costs of $264 against Bullock.   The June 17, 2016 bill of costs included a $25 time-payment fee as part of the $264 court costs and set out that the fee was due only "if fines and fees [were] not paid within 31 days [after judgment was entered]."   A second bill of costs dated June 18, 2016, again showed $264 in court costs—no payments had been made.   The record does not reflect that Bullock paid any court costs.   This appeal followed.

## II.   THE TIME-PAYMENT FEE

By his first issue, Bullock contends that there was no statutory basis for the imposition of a time-payment fee.   He argues that we should delete the fee because at the time the trial court signed the judgment and imposed the fee, the thirty-one-day deadline had not elapsed—that is, "the facts required by the statute to impose the fee had not obtained."   The State responds that "[n]owhere in the record is there any indication that any attempt at payment of the fine or court costs was made by [Bullock]. . . .   The

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals in Waco pursuant to an order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through Ch. 49, 2017 R.S.).

statutory period lapsed without payment. The time-payment fee is properly assessed against [Bullock]." We agree with the State.

## A. Applicable Law

Court costs are pre-determined, legislatively mandated obligations resulting from a conviction. *Houston v. State*, 410 S.W.3d 475, 477–78 (Tex. App.—Fort Worth 2013, no pet.); *see Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014); *compare* TEX. CODE CRIM. PROC. ANN. art. 42.15 (West, Westlaw through Ch. 49, 2017 R.S.) (requiring the defendant to pay court costs when the punishment is only a fine), *id.* art. 42.16 (West, Westlaw through Ch. 49, 2017 R.S.) (requiring the defendant to pay court costs when the punishment imposed is other than fine), and TEX. LOC. GOV'T CODE ANN. § 133.103(a) (West, Westlaw through Ch. 49, 2017 R.S.) (requiring a time-payment fee if any part of the court costs are paid on or after the thirty-first day the judgment is entered), *with* TEX. CODE CRIM. PROC. ANN. art. 103.002 (West, Westlaw through Ch. 49, 2017 R.S.) ("An officer may not impose a cost for a service not performed or for a service for which a cost is not expressly provided by law."). Relevant in this case, section 133.013 of the Texas Local Government Code requires a person convicted of a criminal offense to pay a time-payment fee of $25 if the person: "(1) has been convicted of a felony or misdemeanor; and (2) pays any part of a fine, court costs, or restitution on or after the 31st day after the date on which a judgement is entered assessing the fine, court costs, or restitution." TEX. LOC. GOV'T CODE ANN. § 133.103(a).

When an appellant challenges the imposition of court costs, the reviewing court must determine if there is a basis for the costs. *See Johnson*, 423 S.W.3d at 390; *see*

3

*also Perez v. State*, No. 07-12-00451-CR, 2014 WL 2191995, at *3 (Tex. App.—San Antonio May 23, 2014, pet. ref'd) (mem. op., not designated for publication). We do not "determine if there was sufficient evidence offered at trial to prove each cost . . . ." *Johnson*, 423 S.W.3d at 390.

**B.    Discussion**

Section 133.103(a) mandates that a person convicted of a felony shall pay a $25 fee if that person pays any part of the court costs on or after the thirty-first day after the trial court entered judgment. *See* Tex. Loc. Gov't Code Ann. § 133.103(a). On June 15, 2016, the trial court's judgment assessed court costs of $264 against Bullock. The bill of costs dated June 17, 2016, showed a total due balance of $264 in costs and fees. It included a time-payment fee that was contingent on Bullock's failure to pay his court costs by a date certain: "if fines and fees [were] not paid within 31 days [after judgment was entered]." A second bill of costs issued on July 18, 2015 showed no payment of the court costs. Our review of the record reflects no payments, and Bullock does not assert that he paid his court costs before the thirty-first day after the entry of the judgment.

The time-payment fee of $25, identified on the bill of costs, is statutorily authorized. *See id.* The judgment properly assessed that fee and made it contingent upon Bullock paying his court costs within thirty days. *See id.* Moreover, the record does not reflect that Bullock paid his court costs before the thirty-first day after the trial court entered the judgment. *See id.*; *see also Perez*, 2014 WL 2191995, at *3 (concluding that despite the order to withdraw funds being signed a week after the judgment, the time-payment fee

4

was properly assessed because the record did not reflect that Perez had actually paid the entire balance within thirty-one days of the judgment); *Davis v. State*, No. 04-13-00413, 2013 WL 5950128, at *1 (Tex. App.—San Antonio Nov. 6, 2013, no pet.) (mem. op., not designated for publication) (determining that because the bill of costs permitted Davis to pay the court costs 120 days after her release from the Texas Department of Criminal Justice and because the record did not reflect that Davis actually paid her court costs before the thirty-first day after the date the judgment was entered, Davis was properly assessed the time-payment fee). And "[w]hen a specific amount of court costs is written in the judgment, [in this case $264, of which $25 was for the time-payment fee,] an appellate court errs when it deletes the specific amount if there is a basis for the cost." *Johnson*, 423 S.W.3d at 389. Because there is a basis for the $25 time-payment fee, we decline to delete it as Bullock urges.

We overrule Bullock's first issue.

### III.   CLERICAL ERRORS IN THE JUDGMENT

By his second issue, Bullock contends that the judgment omitted a subsection of the correct statute for the offense and must be modified. *See* TEX. R. APP. P. 43.2(b) (providing that a court of appeals may "modify the trial court's judgment and affirm it as modified); *Bigley v.* State, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (en banc) (explaining that an appellate court has the power to modify incorrect judgments when the necessary data and information are available to do so). The State agrees that this requested relief is appropriate and necessary and joins Bullock in requesting that we

reform the judgment to show that the complete statute violated was Texas Penal Code section 22.02(a)(2). *See* TEX. PENAL CODE ANN. § 22.02(a)(2).

The indictment alleged Bullock committed aggravated assault by intentionally or knowingly causing the complainant bodily injury while using or exhibiting a deadly weapon. *See id.* The jury charge tracked section 22.02(a)(2), and so the verdict form reflected a conviction under section 22.02(a)(2). *See id.* The judgment reflects only section 22.02.

After reviewing the record, we agree that the judgment omitted subsection (a)(2) and that we should modify the judgment to include that subsection. *See Bigley*, 865 S.W.2d at 27–28. We sustain Bullock's second issue.

### IV. CONCLUSION

We modify the judgment to reflect section 22.02(a)(2) as the statute for the offense and affirm the judgment as modified. *See* TEX. R. APP. P. 43.2(b).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of August, 2017.