

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00499-CR

———————————————

SHAWN PATRICK HURST AKA SHAWN PATRICK HURST, II, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR18-0589

---

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

In accordance with the jury's verdict, the trial court sentenced Appellant Shawn Patrick Hurst to seventeen years' confinement for the offense of evading arrest in a vehicle. The trial court's judgment of conviction assessed costs against Hurst, including $3,600 in attorney's fees and a $25 "Time Payment Fee." In two points, Hurst argues that the trial court erred when it assessed court-appointed attorney fees against him and that the statute under which the time payment fee is assessed as a court cost is facially unconstitutional. We delete the challenged costs and affirm the judgment as modified.

## Discussion

### I.     Court-Appointed Attorney's Fees

Hurst asserts under his first point that he was found to be indigent in the trial court and on appeal and that nothing in the record demonstrates a material change in his circumstances. Hurst argues that the evidence is therefore insufficient to support the assessment of court-appointed attorney's fees against him. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (providing that if the judge determines that a defendant has financial resources that enable the defendant to offset some or all of the costs of the legal services provided to the defendant, the judge shall order the defendant to pay as court costs the amount that the judge finds the defendant is able to pay); *Houston v. State*, 410 S.W.3d 475, 480 (Tex. App.—Fort Worth 2013, no pet.) (modifying the trial court's judgment to delete the provision requiring the appellant to reimburse the

county for court-appointed attorney's fees when the trial court had found the appellant indigent prior to trial and did not make a later determination that the appellant was able to pay all or a portion of his appointed attorney's fees).

The State concedes that the trial court erred in assessing the fees against Hurst, stating that "[b]ecause the record is void of any material change in the defendant's financial circumstances, this court should modify the judgment of conviction, bill of costs, and [order to withdraw funds from Hurst's inmate trust account] by deleting the assessment of $3,600 in court-appointed attorney's fees." *See Houston*, 410 S.W.3d at 480; *see also Portis v. State*, No. 02-19-00228-CR, 2019 WL 6905026, at *3 n.1 (Tex. App.—Fort Worth Dec. 19, 2019, no pet.) (mem. op., not designated for publication) (deleting fee from both judgement and incorporated order to withdraw funds); *Gray v. State*, No. 02-18-00142-CR, 2019 WL 983743, at *2 (Tex. App.—Fort Worth Feb. 28, 2019, no pet.) (mem. op., not designated for publication) (same); *Gonzalez v. State*, No. 02-17-00373-CR, 2019 WL 983699, at *2 (Tex. App.—Fort Worth Feb. 28, 2019, no pet.) (mem. op., not designated for publication) (deleting improperly assessed restitution fee from judgment and accompanying bill of costs). Accordingly, we sustain Hurst's first point.

## II. Time Payment Fee

Hurst challenges the time payment fee in his second point. He argues that the fee is unconstitutional in part and asks us to delete the unconstitutional portion of it. *See Kremplewski v. State*, No. 01-19-00033-CR, 2019 WL 3720627, at *3 (Tex. App.—

3

Houston [1st Dist.] Aug. 8, 2019, pet. filed) (holding parts of the statute facially unconstitutional). Because we hold that the fee should not have been assessed against Hurst in the first place, we need not address the statute's constitutionality.

The Texas Local Government Code authorizes a $25 "time payment fee" by a person convicted of an offense if the person "(1) has been convicted of a felony or misdemeanor; and (2) pays any part of a fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution." Act of June 1, 2003, 78th Leg., R.S., ch. 209, § 62(a), 2003 Tex. Gen. Laws 996, 996–97 (amended 2019) (current version at Tex. Code Crim. Proc. Ann. art. 102.030). The statute authorizes imposition of the time payment fee only when a convicted person "pays any part of a fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution." *Id.* Here, however, the trial court assessed the $25 in the judgment as part of the $264 total amount of costs. It thus assessed the fee "before the condition triggering the assessment of the cost—late payment—could have occurred." *See Prescott v. State*, No. 02-17-00158-CR, 2019 WL 2635559, at *5 (Tex. App.—Fort Worth June 27, 2019, no pet.) (mem. op., not designated for publication). We may not determine the constitutionality of a statute challenged in a case unless that determination is absolutely necessary to decide the case. *Salinas v. State*, 464 S.W.3d 363, 366 (Tex. Crim. App. 2015); *Prescott*, 2019 WL 2635559, at *5. Accordingly, we sustain Hurst's second point in part. Because the $25 time payment fee was

4

unsupported at the time that the costs were assessed in the judgment, we delete that fee from the judgment, the bill of costs, and the order to withdraw funds from Hurst's inmate trust account without reaching Hurst's constitutional challenge. *See Prescott*, 2019 WL 2635559, at *5; *see also Gray*, 2019 WL 983743, at *2; *Gonzalez*, 2019 WL 983699, at *2.

## Conclusion

Having sustained Hurst's first point, and having sustained his second point in part, we modify the trial court's judgment, the bill of costs, and the order to withdraw funds from Hurst's inmate trust account to delete the court-appointed attorney's fees and the time payment fee, and we affirm the judgment as modified.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  February 27, 2020