

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-86,610-03

### EX PARTE KELVIN HOUSTON, AKA KEVIN HOUSTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. F-2009-2858-D WHC 3 IN THE 362ND DISTRICT COURT FROM DENTON COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of two counts of sexual assault of a child and sentenced to thirty-five years' imprisonment. The Second Court of Appeals affirmed his conviction. *Houston v. State*, 410 S.W.3d 475 (Tex. App. — Fort Worth 2013). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* Tex. Code Crim. Proc. art. 11.07. Applicant has filed two previous applications for writs of habeas corpus pertaining to this conviction. This Court denied the first of those applications (the -01) without written order on June 21, 2017, and dismissed the second application (the -02) on April 1, 2020.

In this application, Applicant raises four grounds for review, all of which pertain to the allegedly erroneous use of a non-final conviction from Oklahoma to enhance his sentence in this

case. Applicant alleges that he recently learned that his prior conviction, for which he received a partially suspended sentence that was never revoked was not a "final" conviction for enhancement purposes. Applicant does not cite any new law, but alleges only that he was unaware that his suspended sentence was never revoked until he was researching the reclassification of the offense for which he was convicted from a felony to a misdemeanor.

The State in its response notes that both of the prior Oklahoma convictions alleged as enhancements in this case resulted in partially suspended sentences. The State and the trial court recommend that relief be granted in the interest of justice.

However, Applicant makes no showing that his current claims were unavailable or could not have been discovered through the exercise of reasonable diligence before Applicant filed his initial habeas application. The instant application fails to contain sufficient specific facts establishing that the current claims and issues could not have been presented previously or by a preponderance of the evidence, but for a violation of the United States Constitution, no rational juror could have found Applicant guilty beyond a reasonable doubt. Under such circumstances, this Court may not consider the merits of the instant application or grant relief on the instant application. TEX. CODE CRIM. PROC. ART. 11.07 §4. Therefore, this application is dismissed.


Filed: August 19, 2020
Do not publish