

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00269-CR

**D'WARREN LAMAR SIMMONS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2015-1825-C1

## MEMORANDUM OPINION ON REMAND

D'Warren Lamar Simmons was convicted of assault family violence with a prior

conviction for assault family violence and sentenced to 75 years in prison. *See* TEX. PENAL

CODE ANN. § 22.01(a)(1), (b)(2)(A). In Simmons's original brief in this appeal, Simmons

contended that: (1) the trial court abused its discretion by excluding recorded statements

made by the complainant; (2) the trial court failed to properly instruct the jury regarding

the charged offense; and (3) the court cost imposed for the time-payment fee was

unconstitutional. In our original memorandum opinion, we rejected the first two

complaints but agreed with the third and modified the judgment by deleting $22.50 of the assessed time-payment fee. *See Simmons v. State*, 590 S.W.3d 702 (Tex. App.—Waco 2019). The Court of Criminal Appeals, however, disagreed with our decision regarding the constitutionality of the time payment fee and, in light of its decision in *Dulin v. State*, 620 S.W.3d 129 (Tex. Crim. App. 2021), vacated our judgment and remanded the case to us for proceedings consistent with its opinion. *See Simmons v. State*, No. PD-1264-19, 2021 Tex. Crim. App. Unpub. LEXIS 381 (Crim. App. May 12, 2021) (per curiam).

On remand, we modify and affirm the trial court's judgment.

**ISSUES RAISED ON ORIGINAL SUBMISSION**

Our original disposition of Simmons's first two issues was not challenged on petition for discretionary review in the Court of Criminal Appeals, and Simmons has not complained about the disposition of these issues in his supplemental briefing on remand. Accordingly, we adopt the disposition of those issues as written in our original memorandum opinion and overrule Simmons's first and second issues. *See Simmons v. State*, 590 S.W.3d 702 (Tex. App.—Waco 2019); *see also Somers v. State*, No. 10-09-00387-CR, 2013 Tex. App. LEXIS 9645, at *2 (Tex. App.—Waco Aug. 1, 2013, pet. ref'd) (not designated for publication) (other issues resolved in prior opinion not addressed on remand). Likewise, because the Court of Criminal Appeals held in *Dulin* that a time payment fee was assessed prematurely, we overrule Simmons's third issue. *See Dulin v. State*, 620 S.W.3d 129 (Tex. Crim. App. 2021).

**NONREVERSIBLE ERRORS[1]**

In briefing on remand, Simmons's counsel filed a supplemental brief in which he noted several nonreversible errors regarding costs contained in the Certified Bill of Cost.[2] Specifically, counsel challenges a $20 jury fee; a $2 e-filing fee; a $15 conditional time payment fee; and a $25, combined, time payment fee. We agree that all the fees complained of by Simmons, except the $20 jury fee, are nonreversible errors.

*Assessment of Costs*

On appeal, we review an assessment of court costs to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). We separately examine each item of cost to which Simmons has lodged a complaint on appeal.

— *$20 jury fee*

Simmons asserts in his supplemental brief that the district clerk erroneously added a $20 jury fee to a "new" bill of cost when it did not appear to be included in the original assessment of costs. After extrapolating from an explanation of costs filed by the clerk on November 2, 2021 and applying that extrapolation to the amount of "FCRM" included in a summary of costs attached to an order of withdrawal, Simmons speculates that the amount of "FCRM" did not include a jury fee at all.[3] His complaint on appeal, then, is

---

[1] *See Cummins v. State*, 646 S.W.3d 605, 615-618 (Tex. App.—Waco 2022, pet. ref'd) for a discussion of nonreversible error.

[2] The phrase, "Certified Bill of Cost," refers only to the bill of cost dated July 30, 2021, and included in the July 30, 2021 Supplemental Clerk's Record.

[3] There is no way to really know if a $20 fee was or was not included in the summary other than this extrapolation.

that the clerk cannot now include a $20 jury fee in the Certified Bill of Cost when it was not assessed originally. Simmons's argument is not about the basis of the fee but, rather, is about the clerk charging a fee years after, according to Simmons, a set amount of fees was already assessed. Simmons, however, is confusing a summary of costs attached to the Order to Withdraw Funds, both contained in the clerk's record under one tab, with an assessment of costs included within the trial court's judgment. They are not the same.

On the second page in the judgment, the trial court "adjudge[d] statutory court costs against the Defendant." The trial court also "order[ed] the Defendant to pay the court costs" and "order[ed] the clerk to collect the court costs." A Certified Bill of Cost was not a part of the trial court's judgment, nor was it made a part of the original Clerk's Record. It was created and included, upon request by this Court, in a Supplemental Clerk's Record filed on July 30, 2021. An explanation of the cost and fees included in the Certified Bill of Cost was subsequently requested and is included in another Supplemental Clerk's Record filed on November 2, 2021. It is the Certified Bill of Cost, dated July 30, 2021, and contained in the July 30, 2021 Supplemental Clerk's Record, that is the true and only Certified Bill of Cost relevant to this case. No other document, such as a summary of costs attached to an order to withdraw funds, will be considered by this Court or should be considered by the parties, the trial court, or the District Clerk, as the Certified Bill of Cost to which this opinion refers. Thus, the clerk did not add a "new" $20 jury fee when none had been previously assessed because statutory court costs had been adjudged against Simmons in the judgment.

Simmons concedes that at the time of his conviction in 2018, a $40 jury fee was

authorized by statute, and it is undisputed that Simmons was convicted by a jury. *See* Act of May 26, 2015, 84th Leg., ch. 654 (H.B. 2182), § 2, effective September 1, 2015; repealed by Acts 2019, 86th Leg., ch. 1352 (S.B. 346), § 1.19(1), effective January 1, 2020 (former TEX. CODE CRIM. PROC. art. 102.004; "A defendant convicted by a jury in a county court, a county court at law, or a district court shall pay a jury fee of $40."). Thus, although there may not have been a basis for a jury fee in the specific amount of $20 at the time of the judgment, there is a basis for a $40 jury fee.

<u>What to do?</u>

The State requests, in what could be characterized as a cross-point, that we amend the Certified Bill of Cost to increase the amount of the jury fee charged to $40. Simmons asserts we should deny the State's request, arguing the State has a remedy under article 103.007 of the Texas Code of Criminal Procedure.

Article 103.007 provides:

> After a defendant has paid costs, no more costs may be charged against the defendant unless the court rules on a motion presented to the court that additional costs are due.

TEX. CODE CRIM. PROC. art. 103.007.

There is not much case authority interpreting this statute. Both parties point us to the opinion in *Smith v State*, 439 S.W.3d 451, 463 (Tex. App.—Houston [1st Dist.] 2014, no pet), abrogated on other grounds by, *Meadows v. State*, 455 S.W.3d 166, 171 n.2 (Tex. Crim. App. 2015), for support of each argument. In *Smith*, the Houston Court of Appeals determined that a motion by the State to collect costs in excess of those assessed in the judgment would be preferable to presenting such a request on direct appeal; but, because

the Court had already reviewed the record due to Smith's challenges to costs, it would not be efficient to have the State relitigate the issue in a separate proceeding. *Id*. The Court did not address whether or not Smith had paid his costs which would activate the necessity of the State to file a motion.

However, the Dallas Court of Appeals in *Cuevas v. State*, No. 05-12-01648-CR, 2014 Tex. App. LEXIS 4844 (Tex. App.—Dallas May 5, 2014, no pet.) (not designated for publication) held the opposite. There, in a cross-point, the State argued that because the trial court did not charge, or undercharged, $21 in mandated court costs, the court of appeals should correct the judgment "and related documents" to show the increase in the costs assessed. The Dallas Court of Appeals, focusing on the initial language of the statute, "After a defendant has paid costs,…," rejected the State's cross-point, and acknowledged that, although the Court had the authority to modify a judgment when the Court had the necessary information in the record to do so, the record did not show whether Cuevas had paid his court costs. *Cuevas*, No. 05-12-01648-CR, 2014 Tex. App. LEXIS 4844, at *12-13. Thus, the Court would not order the trial court to impose additional costs and would not modify the judgment to add additional costs. *Id*. at *13.

The question before us is whether the amount to be assessed as court cost in the judgment was erroneous. The trial court rendered judgment for "statutory court cost against the Defendant." The statutory jury fee is $40. The statutory fee was $20 before the legislature increased it to $40 in 2015. The clerk included the incorrect fee amount, $20, in the Certified Bill of Cost. As stated previously, the State requests that we order the clerk to modify the Certified Bill of Cost to show a $40 jury fee. But like the Dallas

Court in *Cuevas*, we do not know if Simmons has paid his bill; and because we do not really have all the information necessary, we will not suggest the correction of the Certified Bill of Cost to *increase* the amount of the jury fee to be included in the Certified Bill of Cost. *See also Houston v. State*, 410 S.W.3d 475, 480 n.6 (Tex. App.—Fort Worth 2013, no pet.) ("Because the record before us does not reflect whether Houston has or has not paid court costs, we decline to impose additional costs on him in what could be contravention of article 103.007's requirements.").[4]

Accordingly, after reviewing the statutes and the record in this case, we find there is a basis for the inclusion of at least $20 for the jury fee in the Certified Bill of Cost.

— *$2 e-filing fee*

The parties agree there is no basis for the $2 e-filing fee included in the Certified Bill of Cost. At the time of Simmons's conviction in 2018, the Government Code allowed for a $5 e-filing fee. *See* Act of May 16, 2013, 83d Leg., R.S., ch. 1290, § 2, sec. 51.851(d), 2013 Tex. Gen. Laws 3270, 3271 (repealed 2019). That $5 fee is properly included in the Certified Bill of Cost. The Government Code no longer allows for an electronic filing fee, and there is no other statute that provides for a $2 electronic filing fee. *See* TEX. GOV'T CODE § 51.851 (current version showing e-filing fee repealed).[5] Thus, after reviewing the

---

[4] Moreover, we do not have the information necessary to know if the trial court "waived payment of all or part of a fine or cost" under article 43.091 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 43.091(a).

[5] Local Government Code section 133.102 now provides for a percentage of a consolidated fee to be designated for the "statewide electronic filing system account." *See* TEX. LOC. GOV'T CODE § 133.102(e). That provision was effective January 1, 2020. For offenses committed after January 1, 2004, and before January 1, 2020, the date range within which Simmons's offense was committed, the money collected as court costs "shall be allocated according to the percentages provided in Subsection (e), as that subsection existed and was applied on December 31, 2019." *Id*. (d). Subsection (e), as it existed and was applied on December 31, 2019, did not have an e-filing fee allocation. *See* Acts of 2011, 82nd Leg., ch. 1249 (S.B. 1664),

statutes and the record in this case, we agree that there is no basis for the assessment of a $2 e-filing fee.

- *$15 conditional time payment fee*

The parties also agree that a $15 time payment fee, conditioned on "full payment of court costs, reimbursement fees, fines and costs" being paid within 30 days of the judgment should be deleted from the Certified Bill of Cost. A $15 time payment fee is permitted by article 102.030(a) of the Texas Code of Criminal Procedure if "[a] fine, court costs, restitution, or another reimbursement fee" is not paid in full before the 31st day after the date on which the judgment is entered assessing such. *See* TEX. CODE CRIM. PROC. art. 102.030(a). However, article 102.030 does not apply to Simmons's case because the offense he committed occurred in 2015. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 5.01 2019 Tex. Gen. Laws at 4035 ("Except as otherwise provided by this Act, the changes in law made by this Act apply only to a cost, fee, or fine on conviction for an offense committed on or after the effective date of this Act [January 1, 2020]."). Accordingly, we agree that because the fee does not apply to Simmons's offense, there is no basis for the inclusion of the conditional $15 time payment fee in the Certified Bill of Cost. Further, any time payment fee assessed or threatened is premature. *See Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021); *see also Bryant v. State*, 642 S.W.3d 847, 850 (Tex. App.—Waco 2021, no pet.).

---

§ 13(b), effective September 1, 2013. Thus, no statutory authority for the collection of a $2 e-filing fee existed at the time Simmons committed or was convicted of the offense.

— *$25 in combined time payment fees*

Finally, the parties agree that, pursuant to the Court of Criminal Appeals' opinion in *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021), the assessment of $25.00, combined as a time-payment fee in this case was premature.[6] After reviewing the caselaw and the record in this case, we agree that the assessment of a $25 combined time-payment fee is premature, and thus conclude there is no basis for this fee.

**CONCLUSION**

Accordingly, because each of Simmons's three original issues on appeal have been overruled and because there is nonreversible error regarding costs, the trial court's judgment is modified to assess court cost in the amount of $244.00. As modified, the trial court's judgment is affirmed. [7]

TOM GRAY
Chief Justice



Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed as modified
Opinion delivered and filed January 25, 2023
Do not publish
[CRPM]

---

[6] The Certified Bill of Cost specifically includes $25 aggregated time-payment fees (listed in the explanation of fees as an Administrative Justice Fee—$2.50; Time Payment Fees—$10.00; Time Payment-State Fee—$12.50) in the balance of the costs owed.

[7] The bill of cost should be modified to reflect the cost due in the judgment as modified.