ACCEPTED
03-16-00334-CR
13121078
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/7/2016 10:56:00 AM
JEFFREY D. KYLE
CLERK

CAUSE NO. 03-16-00334-CR

_____

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/7/2016 10:56:00 AM
JEFFREY D. KYLE
Clerk

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN DIVISION

_____

| | |
|---|---|
| MAJOR THOMAS DAVIS | § |
| | § |
| v. | § |
| | § |
| THE STATE OF TEXAS | § |

_____

APPELLANT'S BRIEF

_____

Justin Bradford Smith
Texas Bar No. 24072348
Harrell, Stoebner, & Russell, P.C.
2106 Bird Creek Drive
Temple, Texas 76502
Phone: (254) 771-1855
FAX: (254) 771-2082
Email:  justin@templelawoffice.com

ATTORNEY FOR APPELLANT

ORAL ARGUMENT NOT REQUESTED

1

# IDENTITY OF PARTIES AND COUNSEL

**Appellant**
Major Thomas Davis

**Appellant's Counsel**
Justin Bradford Smith
Harrell, Stoebner, & Russell, P.C.
2106 Bird Creek Drive
Temple, Texas 76502
Phone: 254-771-1855
Fax: 254-771-2082
Email: justin@templelawoffice.com

**Appellant's Trial Counsel**
Jon Jon McDurmitt
P.O. Box 855
Belton, Texas 76513
Phone: 254-913-1866
Fax: 254-947-8057
Email: jmcdurmitt@gmail.com

**Appellee**
State of Texas

**Appellee's Trial Counsel**
Clarence T. Clark
Bell County District Attorney
P.O. Box 540
Belton, Texas 76513
Phone: 254-933-5215
Fax: 254-933-5238

**Appellee's Appellate Counsel**
Bob Odom
Bell County District Attorney's Office
Email: DistrictAttorney@co.bell.tx.us

# TABLE OF CONTENTS

Identity of Parties and Counsel………………………..…………………………….... 2

Table of Contents…………………………………………………………..3-4

Index of Authorities……………………………………………………..5-6

Statement of the Case…………………………………………………………...7

Issue Presented………………………...…………………………………….7

      ISSUE ONE:  The statute authorizing the imposition of a sheriff's fee
               does not support the amount actually assessed in this
               case, so the judgment should be reformed accordingly……...7

      ISSUE TWO:  The judgment does not correctly specify the statute for
               the offense, and should be reformed accordingly…………...7

Statement of Facts………………………………….…………………………7-8

Summary of the Argument………………………………..…………………...........9

      ISSUE ONE:  The statute authorizing the imposition of a sheriff's fee
               does not support the amount actually assessed in this
               case, so the judgment should be reformed accordingly……...9

Argument………………………………………………………………10-23

Standard of Review and Applicable Law…..…………………………………10

Application…………………………………………..………………...11-23

    1.  Fees for the services of peace officers are statutorily authorized…...11-16

    2.  Applying the statute to reflect the proper amount of costs…………16-20

        A. Subsection (a)(1)……………………………………………16

        B. Subsection (a)(6)………………………………………16-17

C. Subsection (b)(1)……………………………………………...17-20

3. Addressing *Love v. State*……………………………………….20-23

Conclusion…………………………………………………………...23

Summary of the Argument………………………………………........24

    ISSUE TWO:  The judgment does not correctly specify the statute for the offense, and should be reformed accordingly………….24

Argument…………………………………………………….........24-25

Law and Application…………………………………………..24-25

Conclusion…………………………………………………………...25

Prayer………………………………………………………...25-26

Certificate of Compliance……………………………………….......26

Certificate of Service…………………………………………...27

Appendix………………………………………………………….28

# INDEX OF AUTHORITIES

**Texas Supreme Court:**

*Camacho v. Samaniego*, 831 S.W.2d 804
(Tex. 1992)……………………………………………………………........11

**Texas Court of Criminal Appeals:**

*Johnson v. State*, 423 S.W.3d 385
(Tex. Crim. App. 2014)…………………………………………..10, 22-23

**Texas Courts of Appeal:**

*Hendee v. Dewhurst*, 228 S.W.3d 354
(Tex. App.—Austin 2007, pet. denied)…………………………………18

*Houston v. State*, 410 S.W.3d 475
(Tex. App.—Fort Worth 2013, no pet.)………………………….........15

*Hubbard v. State*, 02-13-00300-CR, 2014 WL 1767475
(Tex. App.—Fort Worth May 1, 2014, no pet.)
(mem. op., not designated for publication)……………………………...15

*LaBranche v. State*, 03-12-00473-CR, 2014 WL 3411207
(Tex. App.—Austin July 11, 2014, no pet.)
(mem. op., not designated for publication)…………………………..24-25

*Love v. State*, 03-15-00462-CR, 2016 WL 1183676
(Tex. App.—Austin Mar. 22, 2016, no pet.)
(mem. op., not designated for publication)………..........20, 22-23, n. 16, n. 18

*Penright v. State*, 01-12-00647-CR, 2015 WL 5770006
(Tex. App.—Houston [1st Dist.] Sept. 29, 2015, no pet.)
(published)…………………………………………………...19, n.15

*In re P.M.G.*, 405 S.W.3d 406
(Tex. App.—Texarkana 2013, no pet.)…………………………………18

*Williams v. State*, 01-15-00871-CR, 2016 WL 4150904
      (Tex. App.—Houston [1st Dist.] Aug. 4, 2016, pet. filed)
      (published)……………………………………………………17, n. 9

*Wright v. State*, 03-14-00468-CR, 2015 WL 4609743
      (Tex. App.—Austin July 28, 2015, no pet.)
      (mem. op., not designated for publication)…………………………….22, 25

**Statutes/Rules:**

Tex. Code Crim. Proc. art. 14.01…………………………………….7-8, 16, n. 1

Tex. Code Crim. Proc. art. 23.01……………………………………...17, n. 10

Tex. Code Crim. Proc. art. 25.01……………………………………….14, n. 7

Tex. Code Crim. Proc. Ann. art. 102.001…………………………11, 20, n. 5, n. 16

Tex. Code Crim. Proc. Ann. art. 102.011………………….11, 14, 16-23, n. 5, n. 6,
                              …………………………….n. 10, n. 17, n. 18

Tex. Code Crim. Proc. art. 103.002……………………………...11, 21-23, n. 17

Tex. Code Crim. Proc. art. 103.007…………………………………………15

Tex. Code Crim. Proc. art. 103.009……………………………………...19, n. 15

Tex. Pen. Code § 38.04(a)……………………………………...8, 25, n. 2

Tex. Pen. Code § 38.04(b)(2)(A)………………………………...8, 11, 25, n. 3

Tex. R. Evid. 201(b)(2)………………………………………………...18

Tex. R. App. P. 34.5(c)(1)……………………………………………19, n. 15

**Other:**

Op. Tex. Att'y Gen. No. GA-1063 (2014)……………………………...16-17, n. 10

## STATEMENT OF THE CASE

Nature of the Case:      This is an appeal from a conviction evading arrest or detention with a motor vehicle.  (I C.R. at 31-33).

Judge/Court:      Judge Martha J. Trudo, 264th District Court, Bell County. (I C.R. at 31).

Pleas:      Guilty.  (I C.R. at 31) (III R.R. at 6).

Trial Court Disposition:      The trial court sentenced Appellant to five years of imprisonment and imposed $251.00 in court costs. (IV R.R. at 9) (I C.R. at 31).

## ISSUES PRESENTED

ISSUE ONE:  The statute authorizing the imposition of a sheriff's fee does not support the amount actually assessed in this case, so the judgment should be reformed accordingly.

ISSUE TWO:  The judgment does not correctly specify the statute for the offense, and should be reformed accordingly.

## STATEMENT OF FACTS

While driving a vehicle erratically, Appellant fled from the police before they arrested him in the driveway of a residence in Temple.  (I C.R. at 7); (I Sealed C.R. at 55).[1]   Appellant (II R.R. at 23-24; 27) (I C.R. at 4; 7).  Appellant was

---

[1]  Although the record contains an Affidavit for Arrest, (I C.R. at 7), Appellant's arrest must have occurred without a warrant since the offense occurred in plain view.  (I C.R. at 7); Tex. Crim. Proc. Code art. 14.01 (allowing for arrests without a warrant for offenses committed in an officer's presence or within his view).  Also, the indictment alleges that the offense occurred on the same day that the arrest warrant describes the offense occurred, (I C.R. at 4-7), making it highly unlikely that the police detained Appellant's movement while they sought authority (an

7

indicted for the offense of evading arrest or detention with a vehicle,[2] a third-degree felony.[3] Appellant pled guilty before the court, and the trial court assessed Appellant's punishment based only on the Presentence Investigation Report and the arguments of counsel. (III R.R. at 5-7) (IV R.R. at 4-10). (I Sealed C.R. at 49-63). The Court sentenced Appellant to five years of imprisonment with no fine. (IV R.R. at 9).

The judgment imposes costs in the amount of $251.00, of which $25 is for a sheriff fee, payable after release from incarceration. (I C.R. at 31-32). The bill of costs reflects no payments made. (I C.R. at 37). The record contains a "Precept to Serve Copy of Indictment" with an executed sheriff's return. (I C.R. at 12). Although the record shows an "Order Setting Bond", Appellant was never released, since he received jail time credit from the date of his arrest to the date of the sentencing hearing. (I C.R. at 14; 31) (IV R.R. at 1).[4] The judgment reflects the statute for the offense as merely "38.04 Penal Code". (I C.R. at 31).

---

arrest warrant) they already had (Article 14.01). Indeed, although the record contains a "Warrant of Arrest", (I C.R. at 13), manifestly Appellant was already in custody by the time the warrant was issued because it was both received by the officer and executed at the same time. (I C.R. at 13) (Officer's Return shows the warrant "[c]ame to hand" on December 18, 2015 at 8 am, and was executed at 8 am, on the same day). And, most tellingly, Appellant received credit for time served from the date of his arrest to the date of sentencing, and the date of arrest is December 17, 2015, before the arrest warrant was issued on December 18, 2015. (I C.R. at 13; 25; 31) (IV R.R. at 1).

[2] Tex. Pen. Code § 38.04(a).

[3] Tex. Pen. Code § 38.04(b)(2)(A).

[4] After pleading guilty, Appellant asked to be released on a personal recognizance bond pending sentencing to participate in a program called "True Grind", (III R.R. at 8), which his attorney described as a "residential facility where an individual would live, participate in Christian

## SUMMARY OF THE ARGUMENT

ISSUE ONE:  The statute authorizing the imposition of a sheriff's fee does not support the amount actually assessed in this case, so the judgment should be reformed accordingly.

Court costs may be challenged for the first time on appeal, and they require a statutory basis to withstand such a challenge.

The judgment imposes $251.00 in costs.  Of those, $25 is for a sheriff fee. While there is a statutory basis for assessing a sheriff fee, the amounts authorized by the statute, because performed by a peace officer, do not add up, on this record, to $25.  Instead, $10.87 should be assessed and the judgment modified accordingly.

---

activities, and [a person associated with the facility] finds employment for these people".  (III R.R. at 11).  The judge stated she was "not familiar with what [True Grind] is", (III R.R. at 10), and thus withheld approving the request for a bond until she could determine if release was appropriate. (III R.R. at 12).  At sentencing it was evident that Appellant was not released, since his attorney highlighted his participation in programs at the Bell County jail, and while he offered True Grind as a preferred option for release upon probation, he made no mention of Appellant participating in the program thus far.  (IV R.R. at 5-7).  Even the Order Setting Bond is conditional:  it sets bond at $1,000 "maybe", and contains a notation asking for information about True Grind.  (I C.R. at 14) (III R.R. at 11-12) ("With respect to the bond, the Court is going to ask PR to interview the defendant and report to the Judge, and then let the Court know about this True Grind because I'm not familiar with it at all at this point.").  This conforms to the trial court's in-court conditional setting of the terms of the bond pending her evaluation of the True Grind program.  (III R.R. at 11-12).  And, of course, Appellant received credit for the entire period between his arrest and his sentencing.  (I C.R. at 25; 31) (IV R.R. at 1).

9

# ARGUMENT

## Standard of Review and Applicable Law

A challenge to the bases of assessed court costs may be raised for the first time on appeal. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When reviewing the record supporting court costs, the appellate court determines whether there is a "basis for the cost", not whether there is "sufficient evidence offered at trial to prove each cost". *Id*. at 390. Thus, "traditional *Jackson* evidentiary sufficiency principles do not apply." *Id*.

Court costs need not be "orally pronounced nor incorporated by reference in the judgment to be effective." *Id*. at 389. Therefore, "when a specific amount of court costs is written in the judgment, an appellate court errs when it deletes the specific amount if there is a basis for the cost." *Id*. Still, only "statutorily authorized court costs may be assessed against a criminal defendant". *Id*. Thus, when evaluating court costs, the reviewing court determines whether there is a statutory basis for the costs. *Id*. at 395-396. "[A] specific amount of court costs need not be supported by a bill of costs in the appellate record for a reviewing court to conclude that the assessed court costs are supported by facts in the record. However…although a bill of costs is not required to sustain statutorily authorized and assessed court costs, it is the most expedient, and therefore, preferable method." *Id.*

## Application

### 1. Fees for the services of peace officers are statutorily authorized

"The only fees that the sheriff may collect in criminal matters are enumerated in Code of Criminal Procedure sections 102.001 and 102.11." *Camacho v. Samaniego*, 831 S.W.2d 804, 812 (Tex. 1992); Tex. Code Crim. Proc. art. 103.002 ("An officer may not impose a cost for a service not performed or for a service for which a cost is not expressly provided by law."). Article 102.001 does not apply to this case, and arguably does not apply to any defendant's case, since subsection (a) has been repealed, and subsection (b) reads, "[i]n addition to fees provided by Subsection (a), a defendant *required to pay fees under this article* shall also pay 15 cents per mile...." Tex. Code Crim. Proc. art. 102.001(b) (emphasis added). No other part of the statute tells us when a defendant is "required to pay fees under this article", though subsection (a) used to provide for certain mandatory costs upon conviction of a misdemeanor. (Appendix, Tab 1).[5] Even if subsection (a) still told us when Article 102.001 applies (i.e., to misdemeanors), Appellant was convicted of a third degree felony. (I C.R. at 31); Tex. Pen. Code § 38.04(b)(2)(A). Article 102.001 does not apply to this case.

However, Article 102.011 does. In relevant part, that article provides:

---

[5] Applying the mileage provision of 102.001(b) would present the additional problem that, as we will shortly see, Article 102.011(b) contains a mileage provision for essentially the same conduct. Tex. Code Crim. Proc. art. 102.011(b). Double recoveries are prohibited to civil plaintiffs, and should be to the State as well.

"(a) A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer:

(1) $5 for issuing a written notice to appear in court following the defendant's violation of a traffic law, municipal ordinance, or penal law of this state, or for making an arrest without a warrant;

(2) $50 for executing or processing an issued arrest warrant, capias, or capias pro fine with the fee imposed for the services of:

    (A)    the law enforcement agency that executed the arrest warrant or capias, if the agency requests of the court, not later than the 15th day after the date of the execution of the arrest warrant or capias, the imposition of the fee on conviction; or

    (B)    the law enforcement agency that processed the arrest warrant or capias, if:

        (i)    the arrest warrant or capias was not executed; or

        (ii)    the executing law enforcement agency failed to request the fee within the period required by Paragraph (A) of this subdivision;

(3) $5 for summoning a witness;

(4) $35 for serving a writ not otherwise listed in this article;

(5) $10 for taking and approving a bond and, if necessary, returning the bond to the courthouse;

(6) $5 for commitment or release;

(7) $5 for summoning a jury, if a jury is summoned; and

(8) $8 for each day's attendance of a prisoner in a habeas corpus case if the prisoner has been remanded to custody or held to bail.

(b) In addition to fees provided by Subsection (a) of this article, a defendant required to pay fees under this article shall also pay 29 cents per mile for mileage required of an officer to perform a service listed in this subsection and to return from performing that service. If the service provided is the execution of a writ and the writ is directed to two or more persons or the officer executes more than one writ in a case, the defendant is required to pay only mileage actually and necessarily traveled. In calculating mileage, the officer must use the railroad or the most practical route by private conveyance. The defendant shall also pay all necessary and reasonable expenses for meals and lodging incurred by the officer in the performance of services under this subsection, to the extent such expenses meet the requirements of Section 611.001, Government Code. This subsection applies to:

(1) conveying a prisoner after conviction to the county jail;

(2) conveying a prisoner arrested on a warrant or capias issued in another county to the court or jail of the county; and

> (3) traveling to execute criminal process, to summon or attach a witness, and to execute process not otherwise described by this article."

Tex. Code Crim. Proc. art. 102.011(a)-(b).

Here, no bond was issued,[6] no witnesses were summoned, no jury trial was held, this is not a habeas case, and Appellant was not arrested pursuant to a warrant. (I C.R. at 1-67) (III R.R. at 1-13) (IV R.R. at 1-11). Thus, Texas Code Criminal Procedure Article 102.011(a)(2), (a)(3), (a)(5), (a)(7), (a)(8) do not apply. Instead, only Subsections (a)(1) (arrest without a warrant), (a)(4) (serving writ not otherwise listed in the article), (a)(6) (commitment or release), and (b)(1) (mileage for certain activities) could apply.

However, the clerk declined to assess the $35 fee "for serving a writ[7] not otherwise listed in this article", Tex. Code Crim. Proc. art. 102.011(a)(4), and this Court should not do so here because court costs need not be incorporated into the judgment to be effective, the record does not reflect what court costs Appellant may have paid since the bill of costs was issued, and after a defendant makes a

---

[6] Although there is an Order Setting Bond in the record, (I C.R. at 14), as discussed above in footnote 4 and on page 8 of the brief, Appellant was never released. Therefore, the Order Setting Bond is conditional, and it is as if no bond issued. Still, should the Court disagree, and additional ten dollars would be authorized. Tex. Code Crim. Proc. art. 102.011(a)(5).

[7] Here, the "Precept to Serve Copy of Indictment". (I C.R. at 12); Tex. Crim. Proc. Code art. 25.01 ("In every case of felony, when the accused is in custody, or as soon as he may be arrested, the clerk of the court where an indictment has been presented shall immediately make a certified copy of the same, and deliver such copy to the sheriff, together with a writ directed to such sheriff, commanding him forthwith to deliver such certified copy to the accused.")

14

payment no additional costs may be imposed unless a motion is presented to the court that additional costs are due. *See Houston v. State*, 410 S.W.3d 475, 480 and n. 6 (Tex. App.—Fort Worth 2013, no pet.) ("Regarding the State's suggestion that we modify the written judgment 'to the extent it is necessary' to reflect the increased court costs reflected in the bill of costs, we do not find it necessary; court costs need not be incorporated into the judgment to be effective…[at note 6:] Moreover, after a defendant has paid court costs, no further costs may be charged against that defendant unless a motion is presented to the court that additional costs are due. *See* Tex. Code Crim. Proc. Ann. art. 103.007 (West 2006). Because the record before us does not reflect whether Houston has or has not paid court costs, we decline to impose additional costs on him in what could be contravention of article 103.007's requirements."); *Hubbard v. State*, 02-13-00300-CR, 2014 WL 1767475, at *2 (Tex. App.—Fort Worth May 1, 2014, no pet.) (mem. op., not designated for publication) (declining to "modify the court costs in the judgment or the order to withdraw to reflect the overall increase set out in the bill of costs because court costs need not be incorporated into the judgment to be effective and because the record does not reflect what Hubbard may have paid since the issuance of the bill of costs on August 26, 2013."); Tex. Code Crim. Proc. art. 103.007.[8]

---

[8] The bill of costs reflects no payments made, and the judgment orders Appellant to pay court costs after his release. (I C.R. at 31-32; 37). However, this does not prohibit Appellant from voluntarily paying costs now.

Accordingly, the question is what amount of costs should the judgment reflect to cover Subsections (a)(1), (a)(6), and (b)(1).

## 2. Applying the statute to reflect the proper amount of costs

### A. Subsection (a)(1)

As Appellant was arrested without a warrant, a fee of $5 pursuant to Article 102.011(a)(1) is statutorily authorized. Tex. Code Crim. Proc. art. 102.011(a)(1) (requiring a defendant to pay $5 when a peace officer "mak[es] an arrest without a warrant"); (I C.R. at 7; 13 (arrest warrant issued on December 18, 2015); 25 (jail time credit from December 17, 2015, the day of the offense, to sentencing)); Tex. Crim. Proc. Code art. 14.01 (allowing for arrests without a warrant for offenses committed in an officer's presence or within his view).

### B. Subsection (a)(6)

Subsection (a)(6) requires a defendant to pay $5 for a peace officer's services performed "for commitment or release". Tex. Code Crim. Proc. art. 102.011(a)(6). Subsection (a)(6) should apply only to a commitment or release occurring before conviction, because only those fees are authorized that are for services performed "in the case". Op. Tex. Att'y Gen. No. GA-1063, at *5 (2014) ("Furthermore, your office does not construe the statute to authorize a fee for release if the defendant is not released from jail prior to trial, nor does your office believe that a fee should be assessed for committing the defendant to jail after the

16

conclusion of the case. *Id.* The express language of article 102.011(a) authorizes fees for services 'performed *in* the case.' Tex. Code Crim. Proc. Ann. art. 102.011(a) (West Supp. 2013) (emphasis added). A court could therefore conclude that any commitment or release from jail after the conclusion of the case will not be a service performed 'in' the case and that article 102.011(a)(6) does not authorize fees for those services.") (emphasis in original) (Appendix, Tab 2);[9] Tex. Code Crim. Proc. art. 102.011(a).[10] Therefore, since Appellant was committed to jail before trial, but not released on bail, a fee of $5 is authorized under Article 102.011(a)(6). (I C.R. at 7-9; 25; 31).

## C. Subsection (b)(1)

Subsection (b) requires a defendant to pay "29 cents per mile for mileage required to perform a service listed in this subsection and to return from performing that service." Tex. Code Crim. Proc. art. 102.011(b). Three such "services" are listed in (b)(1)-(3), but only (b)(1) could apply. This is because Appellant was not arrested pursuant to a warrant, much less one issued in another

---

[9] *But see Williams v. State*, 01-15-00871-CR, 2016 WL 4150904, at * n. 7 (Tex. App.—Houston [1st Dist.] Aug. 4, 2016, pet. filed) (published) (declining to follow the Attorney General's opinion because "Attorney General's opinions, although persuasive authority, are not binding on the courts of this state.").

[10] Compare the definition of "capias" found here, Tex. Code Crim. Proc. art. 23.01, where "commitment" clearly means pre-trial commitment ("after commitment or bail and before trial"). The Attorney General's reasoning, however, does not depend on this Article, but rather on the statutory language in Article 102.011 that restricts the statute's scope to "services performed *in the case*". Op. Tex. Att'y Gen. No. GA-1063, at *5 (2014) (Appendix, Tab 2).

17

county, so (b)(2) cannot apply, and criminal process was not executed nor a witness attached nor process executed (regarding this last, "that was not otherwise described by Article 102.011"), so (b)(3) cannot apply. Tex. Code Crim. Proc. art. 102.011(b)(2)-(b)(3).

Subsection(b)(1) authorizes charging a defendant for mileage incurred by an officer for "conveying a prisoner after conviction to the county jail." Tex. Code Crim. Proc. art. 102.011(b)(1). Although not in the record, this Court may take judicial notice for the first time on appeal of facts that are "easily ascertainable and capable of verifiable certainty," and geographical facts are such facts. *In re P.M.G.*, 405 S.W.3d 406, 413 at n. 7 (Tex. App.—Texarkana 2013, no pet.) (taking judicial notice of the distance between Texarkana and Denton and noting that, although such distance was not in the record, the appellate court could take judicial notice of certain geographical facts because they are "easily ascertainable and capable of verifiable certainty."); Tex. R. Evid. 201(b)(2); *but see Hendee v. Dewhurst*, 228 S.W.3d 354, 377 (Tex. App.—Austin 2007, pet. denied) (appellate court taking judicial notice is generally discretionary and appellate courts are generally reluctant to do so when such evidence has not been presented to the trial court). Therefore, this Court can take judicial notice of the locations of the Bell County jails and their distances from the Bell County Courthouse. *In re P.M.G.*, 405 S.W.3d at 413, n. 7; Tex. R. Evid. 201(b)(2).

The 264th District Court hears cases at the Bell County Justice Center located at 1201 Huey Road, Belton, Texas 76513.[11] Bell County has two jails, the "Central" jail and the "Loop" jail.[12] The Loop jail is located within walking distance of the Bell County Justice Center,[13] while the Central jail is located three miles from the Bell County Justice Center in downtown Belton.[14] While the record does not reflect whether Appellant was conveyed next door or downtown,[15] at best the statute requires him to pay for mileage three miles to the Central jail. Tex. Code Crim. Proc. art. 102.011(b). Accordingly, $.87 for mileage is (arguably)

---

[11] www.bellcountytx.com/county_government/district_courts/264th_district_court/index.php (accessed October 6, 2016).

[12] http://www.bellcountytx.com/county_government/sheriff/ (accessed October 6, 2016).

[13] http://www.bellcountytx.com/county_government/sheriff/ (accessed October 6, 2016). Actually, the address at this link is a bit off; the jail is located within the Bell County Justice Complex itself and is within walking distance.

[14] This can be verified using Google Maps:
https://www.google.com/maps/dir/111+W+Central+Ave,+Belton,+TX+76513/1201+Huey+Rd,+Belton,+TX+76513/@31.0506583,-97.4851951,15z/data=!3m1!4b1!4m13!4m12!1m5!1m1!1s0x864540723c580c5d:0xa904b257a5abdeef!2m2!1d-97.4646374!2d31.0561957!1m5!1m1!1s0x864540723a328dd3:0xee545a44aadbe040!2m2!1d-97.4870788!2d31.038689 (accessed October 6, 2016).

[15] Tex. Code Crim. Proc. art. 103.009 requires sheriffs, among others, to keep certain fee records related to charges for services rendered in each criminal proceeding. This fee record would no doubt be helpful in determining the proper amount of court costs attributable to the sheriff's fee, but this record is not required to be part of the appellate record. *Penright v. State*, 01-12-00647-CR, 2015 WL 5770006, at *6 (Tex. App.—Houston [1st Dist.] Sept. 29, 2015, no pet.) (published) ("the record need not contain a Sheriff's fee record."). Arguably the record could be supplemented under Rule 34.5(c)(1), but then, Appellant is not aware of sheriff's fee records being in the clerk's file in appeals in general. Tex. R. App. P. 34.5(c)(1) ("[i]f a relevant item has been omitted from the clerk's record, the trial court, the appellate court, or any party may by letter direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item.").

statutorily authorized. Tex. Code Crim. Proc. art. 102.011(b)(1) (29 cents per mile at 3 miles).

### 3. Addressing *Love v. State*

This Court has recently rejected Appellant's same arguments, albeit in an unpublished opinion. *Love v. State*, 03-15-00462-CR, 2016 WL 1183676 (Tex. App.—Austin Mar. 22, 2016, no pet.) (mem. op., not designated for publication). The essence of the Court's decision is that because Article 102.011 authorizes a range of fees, and $25 falls within that range, that amount is permissible: "In light of the fact that the provision authorizes fees for law-enforcement personnel and allows for the imposition of more than one fee and given that the fees at issue in this case generally fall within the range of permissible fees outlined in that provision, we cannot conclude that the district court erred by imposing the sheriff's fee." *Id*. at 2.[16]

The problem with the Court's reasoning is that Article 102.011 does not authorize a trial court to assess a fee in an amount that is impossible, based on the

---

[16] Though reserving judgment on the issue, the Court did at least seem to agree that Article 102.001 no longer applies to any defendant. *See Love v. State*, 03-15-00462-CR, 2016 WL 1183676, at * n. 1 (Tex. App.—Austin Mar. 22, 2016, no pet.) (mem. op., not designated for publication) ("In his brief, Love contends that another provision authorizing the imposition of fees for services provided by law-enforcement officers does not apply to this case and asserts that due to various amendments made to that provision, the provision might not apply to anyone anymore. *See* Tex.Code Crim. Proc. art. 102.001. Given our resolution of this issue on appeal, we need not address these arguments. However, we do note that the deletion of various subarticles of the statute have rendered the viability of the remaining portions questionable because the remaining portions refer to and in some cases rely on the deleted subarticles.") *See* page 11 of this brief, *supra*.

record, merely because multiple fees in differing amounts are otherwise authorized. Tex. Code Crim. Proc. art. 102.011. Instead, where (1) no combination of the permissible fees adds up, based on the record, to the amount assessed, the statute will not authorize that amount because (2) the statute does not authorize the trial court to assess any amount (or even any fee) within the range, but rather only those that are (3) supported by the record because (4) the fee is for a service actually performed by the peace officer, Tex. Code Crim. Proc. art. 103.002 ("An officer may not impose a cost for a service not performed or for a service for which a cost is not expressly provided by law"), and is listed in the statute. Thus, a fee under Article 102.011 will only have a statutory basis where (1) the service is listed in the statute, and (2) the record shows that the fee is further authorized because it is for a service actually performed by the officer. *Id*.

Despite the wide range of fees available under Article 102.011, which fees are assessable against a particular defendant depends on whether certain facts obtain or not. For example, a sheriff's fee imposed for summoning a witness where no witness was summoned, would lack a basis in the record although there is otherwise a statutory basis for it. Tex. Code Crim. Proc. art. 102.011(a)(3) (authorizing "$5 for summoning a witness").[17] In this case, on this record, there is

---

[17] Note that subsection (7) authorizes "$5 for summoning a jury, if a jury is summoned", whereas subsection (3) does not contain this limiting clause. Tex. Code Crim. Proc. art. 102.011(a)(7). Obviously, though, any fee assessed under the Sheriff's Fee statute can only be assessed if the

no combination of the available fees that adds up to $25.  *See* Pages 11-20, *supra.*

Hence, that Article 102.011 authorizes a range of fees, and that $25 falls within that range, *see Love*, 2016 WL 1183676 at * 2, is not only immaterial but incorrect: only "statutorily authorized court costs may be assessed against a criminal defendant", *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014), and a fee under Article 102.011 is statutorily authorized if, and only if, the underlying facts in the record obtain to support the imposition of a fee under a particular subsection of the statute.  *Cf. Wright v. State*, 03-14-00468-CR, 2015 WL 4609743, at *3 (Tex. App.—Austin July 28, 2015, no pet.) (mem. op., not designated for publication) (after deleting improperly ordered restitution from the judgment, deleted associated restitution fee as well because there was no longer a basis for the fee).  This is simply another way of saying that a peace officer, like a lawyer, cannot charge a fee for a service not actually performed.  Tex. Code Crim. Proc. art. 103.002.  This is because the statute does not say that a trial court is authorized to impose a fee "anywhere between X and Y for the following services performed by a peace officer [or, "so long as *a* service is performed by the peace officer"]".  But under the reasoning of *Love*, the trial court would be authorized to impose a sheriff's fee of $50, even if the record showed no execution "or

---

service is actually performed, *see* Tex. Code Crim. Proc. art. 103.002 ("An officer may not impose a cost for a service not performed or for a service for which a cost is not expressly provided by law"), so the lack of a limiting clause is immaterial.

processing [of] an issued arrest warrant, capias, or capias pro fine with the fee imposed for the services of", Tex. Code Crim. Proc. art. 102.011(a)(2) (authorizing $50 for performing such a service), and even if the record only otherwise showed an arrest without a warrant (authorizing $5 under subsection (a)(1)) and one post-conviction commitment (authorizing $5 under subsection (a)(6))—in which event only $10 would be statutorily-authorized. $50, after all, would fall within the range of fees permissible by the statute, and the statute authorizes more than one fee. *See Love*, 2016 WL 1183676 at * 2. But this would be absurd. The trial court is authorized to impose a particular fee only when a particular service is performed, *see* Tex. Code Crim. Proc. art. 102.011 and Tex. Code Crim. Proc. art. 103.002 ("An officer may not impose a cost for a service not performed or for a service for which a cost is not expressly provided by law"): anything more is unauthorized, *Johnson*, 423 S.W.3d at 389, even if the statute broadly authorizes the fee. *Love* was wrongly decided.[18]

## Conclusion

The judgment assesses too much for the sheriff's fee, and thus the amount of court costs should be reduced accordingly.

---

[18] Although the overcharged amount at issue in *Love* and the present case is minimal, the correct understanding of Article 102.011 is important to future defendants and the jurisprudence of this Court's district. And, if Appellant is incorrect and $25 is authorized for the sheriff's fee on this record, he and future defendants deserve to know why.

## SUMMARY OF THE ARGUMENT

ISSUE TWO: The judgment does not correctly specify the statute for the offense, and should be reformed accordingly.

This Court has the authority to correct error in a judgment when brought to the Court's attention by any source. Here, the judgment lists the statute for the offense as "38.04 Penal Code" only, but this is incomplete, and therefore incorrect. Thus, this Court should reform the judgment accordingly.

## ARGUMENT

### Law and Application

The Texas Rules of Appellate Procedure give this Court the authority to reform judgments when necessary. Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (appellate court has the power to modify incorrect judgments when the necessary data and information are available to do so); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *LaBranche v. State*, 03-12-00473-CR, 2014 WL 3411207, at *7 (Tex. App.—Austin July 11, 2014, no pet.) (mem. op., not designated for publication) ("Because we have jurisdiction over this case, the power to correct errors, and plenary power, we need not issue a judgment nunc pro tunc. *See French*, 830 S.W.2d at 609. We modify the judgment in part as it concerns the judgment that discusses a conviction on 'Count Five' and modify that judgment to provide that appellant was convicted

24

of 'Count Three' instead."); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.).  It is necessary to reform an incorrect judgment "to make the record speak the truth".  *French*, 830 S.W.2d at 609.  The Court's "authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; [the Court] may act sua sponte and may have a duty to do so."  *Dolph v. State*, 440 S.W.3d 898, 908 (Tex. App.—Texarkana 2013, pet. ref'd) (citation omitted).

Here, the judgment lists the statute for the offense merely as "38.04 Penal Code".  The correct statutes for the offense are Texas Penal Code 38.04(a) (for the offense itself) and Texas Penal Code 38.04(b)(2)(A) (for the offense level).  The judgments, therefore, are in error and must be reformed.  (I C.R. at 31-32); *Bigley*, 865 S.W.2d at 27–28; *French*, 830 S.W.2d at 609; *Dolph*, 440 S.W.3d at 908; *Wright v. State*, 03-14-00468-CR, 2015 WL 4609743, at *3 (Tex. App.—Austin July 28, 2015, no pet.) (mem. op., not designated for publication) (modifying judgment to reflect correct statute for the offense where the statute in the judgment was for burglary, but the offense was theft).

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellant asks this Court to MODIFY the trial court's judgment to reduce the amount of court costs owed as

25

argued above, to MODIFY the judgment to reflect the correct statutes for the offense, and to AFFIRM the judgment as modified.

Respectfully submitted:

/s/  Justin Bradford Smith
Justin Bradford Smith
Texas Bar No. 24072348

HARRELL & STOEBNER, P.C.
2106 Bird Creek Drive
Temple, Texas 76502
Phone: (254) 771-1855
FAX: (254) 771-2082
Email: justin@templelawoffice.com

ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

I hereby certify that, pursuant to Rule 9 of the Texas Rules of Appellate Procedure, Appellant's Brief contains 5,138 words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

/s/  Justin Bradford Smith
Justin Bradford Smith

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2016, a true and correct copy of Appellant's Brief was forwarded to the counsel below by the method indicated below:

Bob Odom
Bell County District Attorney's Office
P.O. Box 540
Belton, Texas 76513
**VIA ESERVICE AND/OR Email**: DistrictAttorney@co.bell.tx.us


/s/  Justin Bradford Smith
Justin Bradford Smith

Appendix

CAUSE NO. 03-16-00334-CR

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MAJOR THOMAS DAVIS | § |
| | § |
| v. | § |
| | § |
| THE STATE OF TEXAS | § |

# APPENDIX INDEX

| Tab | Documents |
|---|---|
| 1 | 1989 Tex. Sess. Law Serv. 826 |
| 2 | Texas Attorney General Opinion |

# TAB 1

# 1989 Tex. Sess. Laws Serv. 826

1989 Tex. Sess. Law Serv. 826 (Vernon's)

Texas Session Laws 1989
General and Special
71st Legislature, Regular Session

Additions are indicated by <<+ UPPERCASE +>>
Deletions by <<- *** ->>

CHAPTER 826
S.B. No. 356
CRIMINAL PROCEDURE—COSTS PAID BY DEFENDANT—FEES FOR SERVICES

AN ACT relating to fees for services provided in criminal cases.

Be it enacted by the Legislature of the State of Texas:

TX CRIM PRO Art. 102.011

SECTION 1. Subsections (a), (e), and (f), Article 102.011, Code of Criminal Procedure, are amended to read as follows:
(a) A defendant convicted of a misdemeanor <<-in a county with a population of two million or more->> shall pay the following fees for services performed in the case by a peace officer:
(1) <<+ $5+>> <<- $20->> for <<+ISSUING A WRITTEN NOTICE TO APPEAR IN COURT FOLLOWING THE DEFENDANT'S VIOLATION OF A TRAFFIC LAW, MUNICIPAL ORDINANCE, OR PENAL LAW OF THIS STATE,+>> <<-executing an arrest warrant or capias->> or for making an arrest without a warrant;
(2) <<+ $35 FOR EXECUTING OR PROCESSING AN ISSUED ARREST WARRANT OR CAPIAS;+>>
<<+(3)+>> $5 for summoning a witness;
<<+(4) $35+>> <<-(3) $20->> for serving a writ not otherwise listed in this article;
<<+(5)+>> <<-(4)->> $10 for taking and approving a bond and, if necessary, returning the bond to the courthouse;
<<+(6)+>> <<-(5)->> $5 for a commitment or release;
<<+(7)+>> <<-(6)->> $5 for summoning a jury, if a jury is summoned; and
<<+(8)+>> <<-(7)->> $8 for each day's attendance of a prisoner in a habeas corpus case if the prisoner has been remanded to custody or held to bail.
(e) A fee under Subsection (a)(1) <<+OR (A)(2)+>> of this article shall be assessed on conviction<<+, REGARDLESS OF WHETHER THE DEFENDANT WAS ALSO ARRESTED AT THE SAME TIME FOR ANOTHER OFFENSE, AND SHALL BE ASSESSED FOR EACH ARREST MADE OF A DEFENDANT ARISING OUT OF THE OFFENSE FOR WHICH THE DEFENDANT HAS BEEN CONVICTED+>> <<-of an offense for which the defendant was arrested. However, only one fee may be assessed for an arrest regardless of the number of offenses for which the arrest was made. For the purposes of this article, the term "arrest" does not include the issuance by a peace officer of a written notice to appear in court, following the defendant's alleged violation of a traffic law or municipal ordinance->>.
(f) The custodian of a municipal or county treasury who receives fees imposed under this article for services performed by peace officers employed by the state shall forward the fees to the comptroller of public accounts <<+ BY+>> <<-on->> the last day of <<+THE MONTH FOLLOWING+>> each calendar quarter after deducting <<+FOUR-FIFTHS OF THE AMOUNT+>> <<- $10->> of each fee received for a service performed under Subsection (a)(1) <<+OR (A)(2)+>> of this article<<+, IN A MANNER DIRECTED BY THE COMPTROLLER. THE MUNICIPALITY OR COUNTY MAY RETAIN ALL INTEREST EARNED ON THOSE FUNDS+>>.

TX CRIM PRO Art. 102.001 Repealed

SECTION 2. Article 102.001, Code of Criminal Procedure, is repealed.

TX CRIM PRO § 102.001 Note

SECTION 3. (a) The change in law made by this Act applies only to fees for an offense committed on or after the effective date of this Act. For purposes of this section, an offense is committed before the effective date of this Act if any element of the offense occurs before the effective date.

(b) An offense committed before the effective date of this Act is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.

SECTION 4. This Act takes effect September 1, 1989.

SECTION 5. The importance of this legislation and the crowded condition of the calendars in both houses create an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days in each house be suspended, and this rule is hereby suspended.

Passed the Senate on May 4, 1989, by a viva-voce vote; May 27, 1989, Senate refused to concur in House amendments and requested appointment of Conference Committee; May 29, 1989, House granted request of the Senate; May 29, 1989, Senate adopted Conference Committee Report by a viva-voce vote; passed the House, with amendments, on May 26, 1989, by a non-record vote; May 29, 1989, House granted request of the Senate for appointment of Conference Committee; May 29, 1989, House adopted Conference Committee Report by a non-record vote.

Approved June 14, 1989.

Effective Sept. 1, 1989.

TX LEGIS 826

---

**End of Document** © 2016 Thomson Reuters. No claim to original U.S. Government Works.

# TAB 2

# Texas Attorney General Opinion

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

June 3, 2014

Mr. David Slayton
Administrative Director
Office of Court Administration
205 West 14th Street, Suite 600
Austin, Texas 78711-2066

Opinion No. GA-1063

Re: Assessment and distribution of criminal court costs (RQ-1171-GA)

Dear Mr. Slayton:

You ask ten questions concerning the assessment and distribution of criminal court costs in various circumstances.[1] Some of your questions are general in nature, asking about the imposition of "court costs" and "fees" without reference to any specific statute. At the outset, we note that the Legislature has enacted statutes imposing court costs and fees throughout various codes, and the language in each statute is unique, making it impossible in many instances to make blanket statements about the assessment and distribution of court costs and fees. *See, e.g.,* TEX. TRANSP. CODE ANN. § 542.403(a) (West 2011) (imposing a $3 court cost on any person convicted of certain misdemeanors, regardless of the court of conviction); TEX. CODE CRIM. PROC. ANN. art. 102.014(c) (West Supp. 2011) (imposing a $25 court cost on a person convicted of specific offenses if the offenses occur in a school crossing zone, but authorizing assessment of the cost "only in a municipality"). Thus, we cannot provide definitive answers to all of your questions asked but will provide guidance to the extent possible.

Your first three questions address instances when a defendant is convicted in a municipal court of record and appeals to a county-level court, which affirms the judgment of the municipal court of record. Request Letter at 2–3; *see also* TEX. GOV'T CODE ANN. § 30.00014(a) (West Supp. 2013) (granting county courts "jurisdiction of appeals from a municipal court of record"); TEX. CODE CRIM. PROC. ANN. art. 45.042(a) (West 2006) ("Appeals from a . . . municipal court . . . shall be heard by the county court[.]"). You first ask whether the defendant will owe only the court costs assessed at the municipal court level, or whether the defendant will also incur "additional costs that are assessed for convictions in county-level courts such as the $40 court cost assessed for the services of the county clerk under article 102.005 of the Code of Criminal

---

[1]*See* Letter from David Slayton, Admin. Dir., Office of Court Admin., to Honorable Greg Abbott, Tex. Att'y Gen. at 1–7 (Dec. 5, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

Procedure." Request Letter at 2. The fees imposed under article 102.005 apply to a "defendant *convicted* of an offense in a county court." TEX. CODE CRIM. PROC. ANN. art. 102.005(a) (West 2006) (emphasis added). A county-level court that affirms the judgment of a municipal court of record is not itself "convicting" a defendant but is instead affirming the conviction adjudged by the municipal court of record.[2] Thus, a defendant seeking appellate review at the county-court level of a conviction from a municipal court of record would not be subject to the fees imposed under article 102.005 or any other court costs or fees that are imposed only against a defendant convicted in a county court.[3]

With regard to this same scenario, you also ask whether "any part of the court costs collected from the defendant [is] directed to the county," and which entity, the city or county, would be responsible "for collecting the court costs and directing the court costs intended for the State to the Comptroller." Request Letter at 3. Your questions do not reference any specific court cost. Determining to which entity each court cost or fee shall be directed, and which entity is responsible for collecting those costs intended for the Comptroller, will require analyzing the specific language of the statute imposing the particular cost or fee. *See, e.g.*, TEX. LOC. GOV'T CODE ANN. §§ 133.107 (West Supp. 2013) (imposing on most convicted defendants a $2 court cost, most of which is remitted to the Comptroller, to fund indigent defense representation); .058(a) (allowing the municipality or county collecting certain fees to retain up to ten percent for collection services). We cannot provide broad answers that will apply in all circumstances.

Your next three questions are similar to the first three but involve a municipal court that is not a court of record. *See* Request Letter at 3–4. "In all appeals to a county court from . . . municipal courts other than municipal courts of record, the trial shall be de novo in the trial in the county court, the same as if the prosecution had been originally commenced in that court." TEX. CODE CRIM. PROC. ANN. art. 44.17 (West 2006). Thus, unlike an appeal from a municipal court of record, a defendant appealing a conviction from a municipal court that is not a court of record may be convicted at the county court level following a trial de novo. *See Schinzing v. State*, 234 S.W.3d 208, 209 (Tex. App.—Waco 2007, no pet.) (explaining that a defendant convicted in a municipal court who appealed to a statutory county court "was again convicted following a trial de novo"). With regard to this scenario, you ask whether a defendant convicted

---

[2]Subsection 30.00014(b) of the Government Code provides that a county court "shall determine each appeal from a municipal court of record conviction . . . on the basis of the errors that are set forth in the appellant's motion for new trial and that are presented in the clerk's record and the reporter's record prepared from the proceedings leading to the conviction or appeal." TEX. GOV'T CODE ANN. § 30.00014(b) (West Supp. 2013). "An appeal from the municipal court of record may not be by trial de novo." *Id.*

[3]You do not ask, and we do not address, whether and to what extent the defendant may incur separate appellate costs and fees when seeking review at the county-court level. *See* TEX. CODE CRIM. PROC. ANN. art. 44.281 (West 2006) ("In misdemeanor cases affirmed on appeal from a municipal court, . . . the costs imposed on appeal shall be collected from defendant . . . .").

in a trial de novo at the county court level would be subject to the county court costs. Request Letter at 3. As an example, you note that the Code of Criminal Procedure provides that a defendant convicted in a county court shall pay a county court technology fee under article 102.0169. *Id.*; *see* TEX. CODE CRIM. PROC. ANN. art. 102.0169(a) (West Supp. 2013). Similarly, if the governing body of a municipality decides to do so, it may require a defendant convicted of a misdemeanor offense in a municipal court to pay a technology fee under article 102.0172. TEX. CODE CRIM. PROC. ANN. art. 102.0172(a) (West 2006). In the scenario you describe, the defendant will initially be convicted in a municipal court and will be subject to the municipal technology fee if the municipality imposes one. Request Letter at 3. Upon review in a trial de novo at the county-level, the defendant will be convicted and will then be subject to the county technology fee. *Id.*

Continuing with this same scenario, you also ask whether any part of the court costs collected at the county level are directed to the city, and which entity, the city or county, is responsible for collecting the court costs intended for the State. *Id.* at 3–4. As discussed above, determining to whom each court cost or fee shall be directed and which entity is responsible for collecting the court costs intended for the State will require analyzing the specific language of the statute imposing the particular cost or fee. You do not ask about any specific statutes or court costs with regard to these questions, and we cannot provide an answer that will be applicable in all circumstances.

Your seventh question asks whether a defendant who is "convicted of multiple counts of an offense in a single criminal action" should be assessed court costs on each count or only once per case. *Id.* at 5. You do not ask about any specific court costs or fees but instead phrase your question in general terms. As you note, some court costs or fees are assessed upon conviction of a single offense, while others are assessed against a defendant or for services in a particular case. *Id.*; *see also* TEX. LOC. GOV'T CODE ANN. § 133.105(a) (West 2008) (imposing a particular fee for conviction of "any offense"); TEX. CODE CRIM. PROC. ANN. art. 102.004(a) (West 2006) (imposing a jury fee on a "defendant convicted by a jury"). In answer to your question, certain court costs and fees may be assessed only once per case, while others may be assessed for each convicted offense within a case, and a determination about a specific cost or fee will require a review of the statute or rule imposing that cost.

Your eighth question concerns whether a convicted defendant may be given credit toward outstanding fines and court costs for time spent in jail after the sentence has been imposed. Request Letter at 6. You explain that if a convicted defendant fails to pay an imposed fine and court costs, the convicting court may order that the defendant be arrested on a capias pro fine and be brought before the court, at which time the judge holds a hearing to address the defendant's nonpayment. *Id.* at 5–6. If the defendant is not taken immediately before the court, the defendant will be placed in jail, and you question whether time spent in jail can be credited against the court costs due. *Id.* You specifically ask about article 45.041 of the Code of Criminal Procedure, which states in relevant part:

> (a)   The judgment and sentence, in case of conviction in a
>        criminal action before a justice of the peace or municipal

> court judge, shall be that the defendant pay the amount of the fine and costs to the state.
>
> . . . .
>
> (c)    The justice or judge shall credit the defendant for time served in jail as provided by Article 42.03.

TEX. CODE CRIM. PROC. ANN. art. 45.041 (West Supp. 2013). Article 42.03 states:

> In all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent:
>
> (1)    in jail for the case . . . *from the time of his arrest and confinement until his sentence by the trial court.*

*Id.* art. 42.03, § 2(a)(1) (emphasis added). You suggest that because these statutes only address credits for time served from the time of arrest until sentencing, they would not apply to the situation about which you ask, and we agree. Request Letter at 6. The plain language of articles 45.041 and 42.03 of the Code of Criminal Procedure does not authorize a court to give a defendant credit for time served after the sentence has been imposed. However, other provisions within the Code of Criminal Procedure authorize certain courts to use a defendant's time served to satisfy court fines and costs in specific instances. *See, e.g.*, TEX. CODE CRIM. PROC. ANN. arts. 45.048(a)(2) (West 2006), 43.09(a) (West Supp. 2013). Whether a convicted defendant may be given credit toward outstanding court costs will require analyzing specific facts against the relevant statute authorizing the credit.

Your ninth question concerns the imposition of certain costs when multiple warrants result in a single arrest. Request Letter at 6–7. Article 102.011 of the Code of Criminal Procedure states in relevant part:

> (a)    A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer:
>
> . . . .
>
> (2)    $50 for executing or processing an issued arrest warrant, capias, or capias pro fine, with the fee imposed for the services of:
>
> (A)    the law enforcement agency that executed the arrest warrant or capias, if the agency requests of the court, not later than the 15th day after the date

> of the execution of the arrest warrant or capias, the imposition of the fee on conviction; or
>
> (B)   the law enforcement agency that processed the arrest warrant or capias, if:
>
>> (i)   the arrest warrant or capias was not executed; or
>>
>> (ii)   the executing law enforcement agency failed to request the fee within the period by Paragraph (A) of this subdivision; . . . . ·

TEX. CODE CRIM.. PROC. ANN. art. 102.011 (West Supp. 2013). With regard to this provision, you ask "whether separate $50 fees should be assessed when multiple warrants have been processed that result in one arrest." Request Letter at 6. The fee described in subsection (a)(2) is for "*an* issued arrest warrant," indicating that the fee applies to each issued warrant. TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2) (West Supp. 2013) (emphasis added). Furthermore, although you raise the concern "that charging two arrest fees when only one arrest was made [may be] inappropriate," the fee expressly applies even when a warrant is not executed. Request Letter at 7; TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2)(B)(i) (West Supp. 2013). Thus, if multiple warrants have been issued, the language of article 102.011 authorizes a court to assess corresponding fees for each warrant issued.

Your final question asks about a separate fee imposed under article 102.011(a) of the Code of Criminal Procedure "for services performed in the case by a peace officer," specifically, "$5 for commitment or release." TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(6) (West Supp. 2013); Request Letter at 7. You explain that your office understands this language to mean that the fee should be assessed for placing a defendant in jail or releasing a defendant from jail prior to trial. Request Letter at 7. Furthermore, your office does not construe the statute to authorize a fee for release if the defendant is not released from jail prior to trial, nor does your office believe that a fee should be assessed for committing the defendant to jail after the conclusion of the case. *Id.* The express language of article 102.011(a) authorizes fees for services "performed *in* the case." TEX. CODE CRIM. PROC. ANN. art. 102.011(a) (West Supp. 2013) (emphasis added). A court could therefore conclude that any commitment or release from jail after the conclusion of the case will not be a service performed "in" the case and that article 102.011(a)(6) does not authorize fees for those services.

## S U M M A R Y

The fee imposed under article 102.005 of the Code of Criminal Procedure applies to a defendant convicted of an offense in a county-level court. A defendant whose conviction from a municipal court of record was affirmed at the county-court level would not be subject to the fees imposed under article 102.005 because the conviction occurred at the municipal level. Unlike an appeal from a municipal court of record, however, a defendant appealing a conviction from a municipal court that is not a court of record may be convicted at the county court level following a trial de novo.

Certain court costs and fees will be assessed for each convicted offense of a defendant, while others will be assessed once per case, and a determination about a specific cost or fee will require a review of the statute or rule imposing that cost.

While articles 42.03 and 45.041 of the Code of Criminal Procedure authorize a court to give a defendant credit only for time served from the time of arrest and confinement until sentencing by the trial court, other provisions authorize certain courts to use a defendant's time served to satisfy court fines and costs in specific instances. Whether a convicted defendant may be given credit toward outstanding court costs will require analyzing specific facts against the relevant statute authorizing the credit.

Article 102.011(a)(2) of the Code of Criminal Procedure authorizes a court to assess a separate fee for each arrest warrant issued even when multiple warrants result in only one arrest.

Article 102.011(a)(6) of the Code of Criminal Procedure authorizes a $5 fee for commitment or release services performed in the case by a peace officer. A court could conclude that any commitment or release from jail after the conclusion of the case will not be a service performed in the case and that article 102.011(a)(6) does not authorize fees for those services.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee