# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00178-CR

---

**James Edward Insco, II, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 424TH DISTRICT COURT OF BURNET COUNTY
### NO. 49565, THE HONORABLE EVAN C. STUBBS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant James Edward Insco was convicted by a jury of two counts of sexual assault of a child and sentenced to fifteen years' confinement on each count, with the sentences to run consecutively. *See* Tex. Penal Code §§ 3.03(a)(2), 22.011(a)(2).

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988). Appellant's counsel has certified to this Court that he sent copies of the motion and brief to appellant, advised appellant of his right to examine the appellate record and file a pro se response, and provided a motion to assist appellant in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313,

319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. Appellant requested access to the appellate record, and, pursuant to this Court's order, the clerk of the trial court provided written verification to this Court that the record was provided to appellant. *See Kelly*, 436 S.W.3d at 321.

We have conducted an independent review of the record—including the record of the trial proceedings below and appellate counsel's brief—and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review, and the appeal is frivolous.

However, while reviewing the record, we found an error in the court costs imposed in the judgments. We have the authority to modify the judgments of the trial court and affirm the judgments as modified. *See* Tex. R. App. P. 43.2(b); *Bray v. State*, 179 S.W.3d 725, 727 (Tex. App.—Forth Worth 2005, no pet.).

Court costs are pre-determined, legislatively mandated obligations resulting from a conviction. *Abney v. State*, No. 03-15-00421-CR, 2016 WL 3361177, at *1 (Tex. App.—Austin June 10, 2016, no pet.) (mem. op., not designated for publication); *Houston v. State*, 410 S.W.3d 475, 477–78 (Tex. App.—Fort Worth 2013, no pet.); *see Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). The Texas Code of Criminal Procedure requires that a convicted defendant pay court costs. *See* Tex. Code Crim. Proc. arts. 42.15, .16; *Johnson*, 423 S.W.3d at 389. The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson*, 423 S.W.3d at 390 (quoting *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011)). Only statutorily authorized court costs may be assessed against a defendant. *Id*. at 389.

2

The trial court ordered appellant to pay $50 pursuant to Article 42A.455 of the Texas Code of Criminal Procedure, which provides:

> A judge who grants community supervision to a defendant charged with or convicted of an offense under Section 21.11 or 22.011(a)(2), Penal Code, may require the defendant to make one payment in an amount not to exceed $50 to a children's advocacy center established under Subchapter E, Chapter 264, Family Code.

Tex. Code Crim. Proc. art. 42A.455.[1] There is nothing in the record to suggest that the trial judge granted appellant community supervision. Consequently, we find that the application of the Article to appellant was in error. We therefore modify the judgments of conviction to remove any payment imposed under Article 42A.455.[2] *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (holding that where trial court improperly included amounts in assessed court costs, proper remedy was to reform judgment to delete improper fees).

Counsel's motion to withdraw is granted. The trial court's judgments of conviction are affirmed as modified.

---

[1] The Article was amended in the 2019 legislative session, but that amendment does not apply to this case because the offenses were committed before the amendment's effective date. *See* Act of May 21, 2019, 86th Leg., R.S., ch. 1352, § 2.13, eff. Jan. 1, 2020 (providing that amended text is effective for costs for offenses committed on or after January 1, 2020). Accordingly, this opinion cites to the version of the statute in effect before January 1, 2020.

[2] The judgments also reflect that appellant was assessed a $100 court cost under Article 102.0186 of the Code of Criminal Procedure. We leave the assessment of this court cost undisturbed. However, while the $100 is recorded in the field reserved for fines, the verdict forms returned by the jury, the trial court's pronouncement of sentence, and the text of the relevant statute make clear that no fine was imposed in this case.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Triana, and Kelly

Modified and, as Modified, Affirmed

Filed:   August 31, 2021

Do Not Publish