

# NUMBER 13-24-00022-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

PHILIP HANSON,                                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                                              Appellee.

## ON APPEAL FROM THE 156TH DISTRICT COURT
## OF LIVE OAK COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña**
**Memorandum Opinion by Justice Peña**

Appellant Philip Hanson appeals a judgment revoking his community supervision for the offense of possession of a controlled substance in penalty group two in an amount of 4 grams or more but less than 400 grams, a second-degree felony, and sentencing him to five years' imprisonment. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.116(d). In one

issue, Hanson argues that the trial court erred in assessing fines, court costs, and fees without inquiring on the record whether he has the ability to pay the amount assessed.[1] We affirm.

## I.    BACKGROUND

Hanson pleaded guilty to possession of a controlled substance in penalty group two in an amount of 4 grams or more but less than 400 grams. The trial court adjudicated his guilt, sentenced him to ten years' confinement, probated for ten years, and assessed a $1,000 fine and $180 in restitution.[2] The conditions of community supervision, which Hanson acknowledged, required that Hanson pay both the restitution and fine at a rate of $30 per month.

The State later filed a motion to revoke community supervision, alleging that Hanson committed five violations of his community supervision conditions. At the hearing on the State's motion, Hanson pleaded not true to each violation. Following the presentation of evidence, the trial court found three allegations to be true. The trial court revoked Hanson's community supervision, sentenced Hanson to five years' imprisonment, and ordered that he pay the previously assessed fine and restitution, along with $290 in court costs and a $165 reimbursement fee. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.755(a)(2) (upon revocation of community supervision, a trial court may reduce the original term of confinement to any term of confinement not less than the minimum

---

[1] In his brief's table of contents, Hanson complains that the underlying judgment is void for failing to comport with the trial court's oral pronouncement of his sentence. However, he does not list this complaint in the issues presented section of his brief, nor does he provide any supporting argument. *See* TEX. R. APP. P. 38.1(f), (i). Accordingly, we do not address it.

[2] The terms of the plea bargain are reflected in the judgment of conviction. However, the plea agreement does not appear in the appellate record.

prescribed for the offense of conviction). The judgment orders Hanson to pay the outstanding balance "[u]pon release from confinement." This appeal followed.

## II.     ABILITY TO PAY

In his sole issue, Hanson argues the trial court erred in assessing fines, court costs, and fees without inquiring on the record whether he has the ability to pay the amount assessed.

### A.     Applicable Law

"Court costs are pre-determined, legislatively[ ]mandated obligations resulting from a conviction." *Houston v. State*, 410 S.W.3d 475, 477 (Tex. App.—Fort Worth 2013, no pet.); *see Salinas v. State*, 523 S.W.3d 103, 112 (Tex. Crim. App. 2017). Court costs are compensatory in nature and represent "a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (quoting *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009)). On the other hand, fines are punitive and are intended to be part of the convicted defendant's sentence. *Id.*; *see Anastassov v. State*, 664 S.W.3d 815, 823 (Tex. Crim. App. 2022) ("A fine is not a court cost or fee; it is part of the punishment.").

Article 42.15(a-1) of the Texas Code of Criminal Procedure requires the trial court to ask on the record whether a defendant has the ability to immediately pay fines and costs:

> [D]uring or immediately after imposing a sentence in a case in which the defendant entered a plea in open court . . . , a court shall inquire *on the record* whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs. If the court determines that the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the

3

fine or costs should be:

(1) . . . required to be paid at some later date or in a specified portion at designated intervals;

(2) discharged by performing community service . . . ;

(3) waived in full or in part under Article 43.091 or 45.0491; or

(4) satisfied through any combination of methods under Subdivisions (1)–(3).

TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (emphasis added).[3]

When imposing a fine and costs, subject to Article 43.091, the trial court "may direct a defendant [to pay]: (1) . . . the entire fine and costs when sentence is pronounced; (2) . . . the entire fine and costs at some later date; or (3) . . . a specified portion of the fine and costs at designated intervals." *Id.* art. 42.15(b). Article 43.091 provides that a trial court may waive payment of all or part of a fine imposed if it determines that: "(1) the defendant is indigent or does not have sufficient resources or income to pay all or part of the fine . . . ; and (2) each alternative method of discharging the fine under Article 43.09 or 42.15 would impose an undue hardship on the defendant." *Id.* art. 43.091(a).

## B.    Analysis

There is no indication the trial court conducted an "on the record" ability-to-pay inquiry when imposing Hanson's sentence as required by statute.[4] *See* TEX. CODE CRIM

---

[3] The "on the record" language was added to the statute in 2021 and became effective on September 1 of that year. Act of May 8, 2021, 87th Leg., R.S., ch. 106, §§ 1, 6, 2021 TEX. GEN. LAWS 202 (codified at TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1)). It applies to any fine, fee, or cost imposed before, on, or after the effective date. *Id.* § 5.

[4] We assume without deciding that the alleged error occurred upon the revocation of Hanson's community supervision and not when he was placed on community supervision such that he did not forfeit his complaint. *See Riles v. State*, 452 S.W.3d 333, 338 (Tex. Crim. App. 2015) ("Appellant had knowledge

4

PROC. ANN. art. 42.15(a-1). For purposes of our analysis, we will assume arguendo that no "on the record" inquiry was made, that this failure constitutes error, and that Hanson did not waive his right to complain about it. *See id.* art. 42.15(a-2) ("A defendant may waive the requirement for the inquiry described by Subsection (a-1) to be on the record.").

Non-constitutional error in a criminal case that does not affect the defendant's substantial rights must be disregarded. TEX. R. APP. P. 44.2(b). An error affects a substantial right if it had a substantial and injurious effect or influence on the verdict. *See Cook v. State*, 665 S.W.3d 595, 599 (Tex. Crim. App. 2023) (citing *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008)). In *Sloan v. State*, our sister court addressed a very similar issue. 676 S.W.3d 240 (Tex. App.—Tyler 2023, no pet.). Assuming error, the court concluded that the appellant was not harmed by the trial court's failure to conduct an ability-to-pay inquiry on the record. *Id.* at 242. The court explained that reversal was therefore appropriate only if the trial court's error "prevent[ed] the proper presentation of the case to [the appellate] court and the trial court can correct its action or failure to act." *Id.* at 241 (citing TEX. R. APP. P. 44.4(a)). The appellant did not argue that the trial court's failure to strictly comply with the statute prevented him from raising or developing a claim on appeal. *Id.* at 242. Further, the court found that the trial court's ability-to-pay inquiry

---

that she was to be charged for her appointed attorney fee, as evidenced by the multiple admonishments that she signed, but she forfeited her claim by foregoing her initial appeal."); *Wiley v. State*, 410 S.W.3d 313, 321 (Tex. Crim. App. 2013) ("That he chose to forego that appeal must work as a forfeiture of the claim, and he may not, consistent with our case law, attempt to resuscitate it in a later appeal from the revocation of his community supervision."); *see also Shaffer v. State*, No. 06-22-00171-CR, 2023 WL 4167882, at *2 (Tex. App.—Texarkana June 26, 2023, no pet.) (mem. op., not designated for publication) ("Under generally applied principles, if Shaffer wished to complain of amounts taxed against her through the original order of community supervision, she was required to raise the issue in a timely filed appeal of that order.").

could be implied from the record because, as here, its judgment required the appellant to pay his fines and court costs "[u]pon release from confinement." *See id.* It concluded that this language comported with article 42.15(a-1)'s option to defer payment if a defendant lacked the present ability to pay. *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1)(1)). Therefore, the court reasoned that the trial court "must have determined that [the appellant] did not have sufficient resources or income immediately to pay all or part of the fine and costs." *Id.* The court explained that because appellant did not challenge the trial court's order that he pay the fine and costs upon release, any remand for an "on the record" ability-to-pay inquiry would be "gratuitous," given that the ultimate outcome from such an inquiry was implicit from the record. *Id.*

We find *Sloan* instructive, as have a number of other appellate courts. *See Sloan*, 676 S.W.3d at 242; *see also Polanco v. State*, No. 11-23-00015-CR, 2024 WL 2194617, at *9 (Tex. App.—Eastland May 16, 2024, no pet. h.) (mem. op., not designated for publication); *Jones v. State*, No. 14-22-00495-CR, 2024 WL 848371, at *6 (Tex. App.—Houston [14th Dist.] Feb. 29, 2024, no pet.) (mem. op., not designated for publication); *Sanders v. State*, No. 05-22-01376-CR, 2024 WL 725529, at *9 n.2 (Tex. App.—Dallas Feb. 22, 2024, no pet.) (mem. op., not designated for publication); *Stanberry v. State*, No. 07-23-00194-CR, 2024 WL 538835, at *2–3 (Tex. App.—Amarillo Feb. 9, 2024, no pet.) (mem. op., not designated for publication); *Gates v. State*, No. 02-23-00004-CR, 2024 WL 482436, at *6 (Tex. App.—Fort Worth Feb. 8, 2024, no pet.) (mem. op., not designated for publication).

Here, in its order revoking community supervision, the trial court ordered Hanson

to pay all amounts assessed upon his release from confinement. *See* TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1)(1). Hanson does not challenge this particular order, nor does he complain that he was unable to present any issue on appeal to this court; therefore, remand for an ability-to-pay inquiry on the record would amount to an unnecessary exercise and a waste of judicial resources. *See Sloan*, 676 S.W.3d at 242. We conclude that Hanson has not demonstrated that the alleged error has affected his substantial rights. *See* TEX. R. APP. P. 38.1(i); 44.2(b); *see also Sanders*, 2024 WL 725529, at *9 (concluding that appellant failed to show his substantial rights were affected by the trial court's lack of an express ability-to-pay inquiry); *Gilmer v. State*, No. 12-23-00054-CV, 2023 WL 8103957, at *4 (Tex. App.—Tyler Nov. 21, 2023, no pet.) (mem. op., not designated for publication) (concluding that the court did not err in denying appellant's motion to rescind its order to withdraw funds from his inmate account when it failed to conduct an inability-to-pay inquiry "[b]ecause the court determined Gilmer was unable to pay any part of the fine immediately, [and thus] Gilmer fails to show that his substantial rights were affected by the omission of an ability-to-pay inquiry"). We overrule Hanson's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
25th day of July, 2024.

7